**HAROLD FURNACE COMPANY, Plaintiff-Appellee, v. JOHNSON, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22064. Decided February 26, 1951.

Wyner & Wyner, Cleveland, for plaintiff-appellee.
Frank C. Lyons, Cleveland, for defendants-appellants.

(DOYLE, J, of 9th District sitting in place of McNAMEE, J, of the 8th District.)

## OPINION

Per CURIAM:

In this appeal on questions of law, the record shows that the plaintiff, an Ohio corporation, filed its petition in the Municipal Court of Cleveland against Doris Alexander, William and Ruth Johnson for the sum of $331.19, plus interest, being balance claimed to be due for a furnace installed by plaintiff in a residence occupied by Doris Alexander as a tenant but owned by the defendant, Ruth Johnson. The

trial court rendered judgment against all three defendants in the sum of $404.01 and costs. From this judgment only the defendants, William and Ruth Johnson, have perfected an appeal to this Court, assigning eight grounds of error which we deem unnecessary to discuss in detail.

The undisputed evidence discloses that defendant, Ruth Johnson, was the owner in fee of the property at No. 9117 Blaine Avenue at the time of the installation of the furnace and that the defendant, Doris Alexander, was a tenant on a month to month basis, who gave to plaintiff a written order or contract for the installation of the furnace and made all necessary arrangements in connection therewith. There being no privity of contract between the plaintiff and the defendants, Johnson, the plaintiff predicated its claim for recovery against the owner upon two theories of law: (1) implied agency, and (2) unjust enrichment.

We have examined the record very carefully, and we find no evidence from which an inference can be drawn to support the claim of an implied agency. On the contrary, there is nothing in the record to contradict the evidence of the appellants that the furnace was installed by the plaintiff at the instance of the defendant, Alexander, without the knowledge and consent of the appellants, and that the plaintiff sought to hold appellants responsible only after the defendant, Alexander, defaulted on her contract after she had made payments to plaintiff on account in the sum of something over two hundred dollars.

As to the theory of unjust enrichment, or quasi-contract advanced by plaintiff, it is claimed that the defendant, Ruth Johnson, derived benefit from the installation of the furnace when later she sold the home in 1949 and allegedly retained all of the proceeds of the sale for herself.

We think this claim is completely negatived by the testimony of plaintiff's own witness, Melnick, who testified that the defendant, Ruth Johnson, told him they "had no business putting it (the furnace) in," and that they should take it out and put her own furnace back in. The plaintiff admittedly failed to take advantage of this proffer. This corroborates the testimony of the defendant, Johnson, completely and therefore the claim of unjust enrichment by way of quasi-contract is wholly lacking in evidentiary support.

The judgment is therefore reversed as being contrary to law and final judgment is rendered for the appellants.

Exc. Order see journal.

SKEEL, PJ, HURD, J, DOYLE, J, concur.