**BOWERS, Plaintiff, v. VIERECK et, Defendants.**
**DURBAN, Plaintiff, v. NORWICH TOWNSHIP et, Defendants.**

Common Pleas Court, Franklin County.

Nos. 183557, 184560.   Decided August 3, 1953.

468

Hamilton & Kramer, Columbus, for plaintiff, Helen Bowers and Dr. Donald Bowers.

John Mitchell, Columbus, for Clifford Durban.

John R. Schikler, for defendant, Louis Viereck.

Ralph J. Bartlett, Robert Barnhart, Columbus, for defendant, Trustees.

## OPINION

By BARTLETT, J.

Upon complaint, the Township Trustees on March 12, 1951, viewed the premises where a partition fence was to be built, and assigned in writing to each owner his share thereof to be constructed. The notice of the time and place of the meeting was served on the husband rather than on the record holder of the title as one of the adjoining owners of the land. The notice was sent on March 2, 1951, by registered mail to the husband's office outside the township and received March 3, 1951. The husband had purchased the property and put the title in his wife's name, but retained dominion and control over the premises. The husband and wife failed to build their portion of the fence, and the Trustees sold the contract according to law to build the fence for $675.00 which was certified to the County Auditor.

The wife filed suit to enjoin the Auditor from placing such cost of the fence on the tax duplicate to be collected as other taxes, and a temporary restraining order was granted.

The contractor filed action against the Trustees, the legal holder of title to the adjoining land, and her husband, and also the land owner who filed the complaint for the partition fence.

The court ordered the two actions tried together which was done.

**HELD:**

1. THE WIFE AS THE NAKED HOLDER OF LEGAL TITLE, CANNOT MAINTAIN HER ACTION, SINCE §11241 GC, REQUIRES THE ACTION BE BROUGHT IN NAME OF THE REAL PARTY IN INTEREST.

2. NOTICE TO THE HUSBAND AS ACTUAL OWNER WOULD BE COMPLIANCE WITH §5910 GC, REQUIRING NOTICE TO ALL ADJOINING LAND OWNERS.

3. NOTICE OF MEETING ON MARCH 12, 1951, RECEIVED MARCH 3, 1951, BY THE HUSBAND, FAILED TO COMPLY WITH §5910 GC, SUPRA, WHICH PROVIDES NOT LESS THAN TEN DAYS WRITTEN NOTICE TO THE LAND OWNERS OF THE TIME AND PLACE OF TRUSTEES' MEETING TO VIEW THE PREMISES, SINCE IN COMPUTING THE TIME WITHIN WHICH AN ACT IS REQUIRED BY LAW TO BE DONE, THE FIRST DAY IS EXCLUDED AND THE LAST DAY INCLUDED, BY VIRTUE OF §10216 GC. ONLY NINE DAYS NOTICE WAS GIVEN.

4. UNDER §5910 GC, IF ALL ADJOINING LAND OWNERS ARE NOT GIVEN THE REGULAR NOTICE OF NOT LESS THAN TEN DAYS, THE TOWNSHIP TRUSTEES DO NOT ACQUIRE JURISDICTION TO ASSIGN TO ANY OF THE LAND OWNERS THEIR PORTION OF THE PARTITION FENCE TO BE BUILT: AND ANY ACTION SO TAKEN BY THE TRUSTEES IS VOID.

5. THE RECORD HOLDER OF THE TITLE AND HER HUSBAND ARE NOT LIABLE FOR THE COST OF BUILDING SUCH FENCE WHEN THEY REJECT THE BENEFIT THEREOF.

6. THE TOWNSHIP TRUSTEES ARE NOT LIABLE FOR THE COST OF THE FENCE, SINCE THE BUILDER MUST TAKE NOTICE OF THEIR LACK OF AUTHORITY WHEN THE REQUIRED NOTICE IS NOT GIVEN.

7. THE COMPLAINING LAND OWNER IS NOT LIABLE FOR THE COST OF THIS FENCE, SINCE §5910 GC, SUPRA, EXPRESSLY FIXES HIS LIABILITY TO PAY FOR HIS OWN PORTION OF THE FENCE WHICH HE DID.

8. THE TRUSTEES AND CLERK ARE NOT ENTITLED TO THEIR COSTS, DUE TO THEIR FAILURE TO GIVE THE NOTICE REQUIRED BY LAW.

9. FINAL ORDER SUSPENDED UNTIL THE COURT CONFERS WITH COUNSEL FOR ALL PARTIES.

This a proceeding to determine the liability for the construction of a partition fence, wherein the Township Trustees sold the contract for the erection thereof under §5913 GC, after the party failed to build this portion of the fence assigned to him; and thereafter said trustees certified the cost of constructing said fence to the County Auditor to be placed upon the tax duplicate as a lien and collected as other taxes.

Louis F. Viereck, owner of 9.447 acres in Norwich Township, complained to the Trustees of said township under §5910 GC, that Dr. Donald F. Bowers, the owner of 9.696 acres of land, adjoining the complainant on the north, had neglected and

refused to build his share of a partition fence between their lands.

On March 12, 1951, after notice to Viereck and Dr. Bowers of the time and place of meeting, said Trustees viewed the premises where such fence was to be built and assigned in writing the west half of the fence to be constructed to Dr. Bowers and the east half to Viereck. Thereafter Viereck constructed his portion of the fence.

Dr. Bowers failed to build the portion of the fence assigned to him, and the Township Trustees, upon application of Viereck, sold the contract to build the fence to Clifford Durban in accordance with §5913 GC, for the sum of $675.00; and said Durban on July 25, 1951, completed said work in conformity with said contract and to the satisfaction of the Trustees, who certified the costs to the Township Clerk, and not having been paid within thirty days, such Clerk certified the same to the County Auditor pursuant to §5914 GC.

On August 17, 1951, Helen Bowers filed her petition setting forth that she was the owner of the 9.696 acres of land aforesaid, and that at the instance and request of said Viereck, the Trustees and Clerk of said township would certify the expense of constructing said fence to the County Auditor, and said Auditor will place upon the tax duplicate against her said land the said expense to be collected as other taxes. Helen Bowers claimed said fence would be of no value to her, and that she had no notice of any proceeding to build said fence until August 6, 1951, and no opportunity to appear before the Trustees to present her objections thereto. She asks for an injunction, and a temporary restraining order was issued to the County Auditor not to place said costs on the tax duplicate, etc. until the further order of the Court.

On January 30, 1952, Clifford Durban filed suit for judgment on his claim of $675.00 for the construction of the aforesaid fence, against the trustees of the township, Louis Viereck, Donald F. Bowers and Helen Bowers, setting out the aforesaid facts, and that the notice to view the premises has been sent to Donald F. Bowers, husband of Helen Bowers, and that she had actual knowledge thereof that the service of notice on her husband rather than herself as record holder of title, was negligence on the part of the trustees, etc.

Thereafter the Court ordered the two cases to be tried at the same time.

Louis Viereck was dismissed as a defendant on demurrer and at the trial application was made to reinstate him as a defendant, but the Court reserved judgment on the application.

The evidence at the trial developed that the Trustees on

February 28, 1951, ordered the Clerk to notify the parties, they would view the premises March 12, 1951; and the Clerk on March 2, 1951, sent a registered letter to Dr. Donald F. Bowers at his office in Columbus and the return receipt showed it was received March 3, 1951, by Dr. Bowers' father who was then at the office.

The evidence further showed that Dr. Bowers paid for the land and placed the title in his wife's name. Dr. Bowers and his wife both testified, but there was an absolute absence of any evidence that the doctor had given the property to his wife, and during all the discussion concerning the fence, he at no time consulted his wife as to what she wished done, but instead proceeded to make all decisions and handled the affair to suit himself through his own attorney.

The Court feels that Helen Bowers, "as the holder of the naked title to such premises without any other rights or duties, is not the real party in interest" and did not have the capacity to maintain the original action, since §11241 GC requires that all actions shall be brought in the name of the real party in interest. Dr. Bowers placed the legal title in the name of his wife, but retained dominion and control over the property, and, therefore, was the "actual owner," known in law and equity as the beneficial or equitable owner. **Lehman Co. v. Piggly-Wiggly Corp., 45 Abs 528; Brown v. Ginn, Trustee, 66 Oh St 316.**

Under §5919 GC, defining "the owner of such land," Dr. Donald F. Bowers as the actual owner, the beneficial owner or the equitable owner would come within the terms of the statute, and upon proper notice as required by §5920 GC, would be bound by the action of the trustees, on view, in assigning his portion of the fence to be built. **30 O. Jur. Parties, Sec. 17, p. 721; 32 O. Jur. Property, Sec. 24, p. 629, et seq.; 42 Am. Jur.** Property, Sec. 37 and 38, p. 214-216.

Sec. 5910 GC, provides in part as follows:

"Such trustees, **after not less than ten days'** written notice to all adjoining land owners of the time and place of meeting, shall view the fence or premises when such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed * * *." (Emphasis ours.)

On February 28, 1951, the Trustees ordered the Clerk to notify the parties they would view the premises at noon March 12, 1951, but the Clerk delayed sending the notice until March 2nd and registration return shows the Clerk's notice did not reach Dr. Bowers' office until March 3, 1951.

Sec. 10216 GC provides:

"Unless otherwise specifically provided, the time within which

an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be on Sunday."

In 1951 March 12th fell on Monday, and the partition fence law provides no other manner of computing the time within which a required act shall be done, consequently, §10216 GC, controls. Excluding March 3rd and including March 12th, only gives nine days' notice to Dr. Bowers and §5910 GC, supra, provides "after not less than ten days' written notice to all adjoining lands owners of the time and place of meeting, * * *." Sec. 5919 GC of the partition fence act, after defining the term "owner," then provides, "but these proceedings shall not bind the owner unless notified as provided herein." Dr. Bowers was only given nine days' notice and the law requires not less than ten days' written notice; and, therefore, Dr. Bowers is not bound by the action of the trustees, even as the actual, beneficial or equitable owner of the land.

If this matter were to be decided on Helen Bowers' action for injunction alone, no doubt she could not maintain the action, since she is not the real party in interest; but Clifford Durban made both Helen Bowers, record holder of the title, and Donald F. Bowers, the equitable owner thereof, parties to his action; and the Court consolidated the two actions.

Helen Bowers no doubt brought the action under an honest belief that she had the right of action, and the actual owner, her husband, the real party in interest, having been made a party thereto by the Court, and having joined his wife in resisting the claim, the defect in parties was cured without changing the cause of action. Lehman Co. v. Piggly-Wiggly Corp., supra.

Now let us consider the action brought by Clifford Durban. He claims the township trustees are liable, because of negligence in the performance of the duties of their office, in serving notice on Dr. Bowers instead of his wife, Helen, the holder of the legal title; but whatever negligence there may have been, in serving the proper notice, it occurred before Durban bid in the contract to build the fence, and he was on notice, and bound to know, the trustees had no power to thus award the bid, in the absence of proper notice to the landowner.

"2. Where a public contract by a board of township trustees is not let in conformity to the statutes on that subject, such contract is void and cannot be the basis of an action by a materialman against the board, where no notice of the contractor's indebtedness to the materialman was given to the board before it had paid the contractor."

Ray, Trustee, v. Board of Trustees of Trenton Township, Delaware County, 49 Oh Ap 172.

The above case cites **Buchanan Bridge Co. v. Campbell, et al. Commrs., 60 Oh St 406,** where the Court considered the right of one who contracted with a board of County Commissioners to recover upon a void contract for a bridge furnished. The rule therein stated is equally applicable to a void contract entered into by township trustees.

In the case of **Trustees of Prairie Township v. Garver, 41 Oh Ap p. 232,** a Taxpayer brought suit to enjoin the township trustees from advertising for bids for constructing a partition fence, and paying the moneys raised by taxation in the township for its erection, a demurrer was filed to the petition and was overruled and the injunction allowed. The Court of Appeals held:

"5. Cost of erection of partition fence by township trustees is assessed only against those directly interested."

On p. 237 of his opinion in the foregoing case, P. J. Sherick says:

"The statutes do not provide that the township shall pay anything."

The Appellate Court then held the petition did not state a cause of action and sustained the demurrer.

This Court is firmly convinced and so holds that the Trustees are not liable to Durban for the cost of building the fence; but due to their failure to give the proper notice and the Clerk's carelessness in sending the notice in time, neither the Trustees nor the Clerk are entitled to their costs in the proceeding.

Next let us consider the liability of Dr. Bowers and wife which Durban claims is based upon the doctrine of unjust enrichment or quasi-contract.

"Services for labor performed for another without his privity or request, however beneficial, cannot ordinarily be made the basis of recovery. * * * Moreover, when the work is done without knowledge or assent, the circumstances may be such as to give the person benefited the option to accept or reject the benefits; and in the event he accepts them, the law will imply an agreement to pay, whereas if he rejects them, no implied obligation to pay will exist."

**42 O. Jur. Work, Labor, etc., Sec. 6, p. 489.**

In the case of **Harold Furnace Co. v. Johnson, 61 Abs 177,** the plaintiff company installed furnace at request of tenant but without privity of contract with the owner of the residence held:

"2. The claim of unjust enrichment or quasi-contract is completely negatived by the testimony of plaintiff's own

witness, testifying that the fee owner told him they 'had no business putting it (the furnace) in' and they should take it out and put her own furnace back in."

There can be no liability on the part of Dr. Bowers and his wife on the basis of unjust enrichment, where, as in the instant case they reject the benefits, in fact insist that the fence is of no benefit to them and that they do not want the fence, and would be very well pleased if it were removed. Under such circumstances there can be no implied obligation to pay.

Finally, let us consider the alleged liability of Louis F. Viereck who filed the complaint with the trustees that finally led to the building of the fence. In filing the complaint as to the failure to build the fence, Viereck was in the exercise of his statutory right. Durban asks that Viereck be held liable on the basis of unjust enrichment, but he has fulfilled his obligation as expressed by statute, since he paid for his half of the partition fence.

"Generally speaking, where there is an express contract, none can be implied relating to the same subject matter, and no recovery can be had upon a quantum merit."

**42 O. Jur. Work and Labor, Sec. 25, p. 506.**

If the express terms of a contract, defining the obligation of a party thereto, bars an implied obligation of such party to the same subject matter, then the express terms of a statute creating the obligation of such a party, would certainly exclude an implied obligation by law that was in conflict with such statute.

However, it is said that Viereck misled the trustees by stating the property was owned by Dr. Bowers instead of his wife. This Court finds no duty on the part of Viereck to determine who all the adjoining land owners were, but considers it to be the duty of the trustees acting as a quasi-judicial body to determine such owners, before they had any jurisdiction to proceed to assign to the owners their respective shares of the fence to be built.

"By the terms of §5910 GC, in order to vest jurisdiction in a board of township trustees to make the assignment therein provided, written notice must be given to all adjoining land owners."

1928 Opinion of the Attorney General, No. 2366.

This requirement is mandatory and the mandate is to the trustees to give said notice.

Moreover, the Court, as already indicated, is of the opinion that Dr. Bowers was the actual owner and notice to him would meet the requirement of the statute of notice to the owners.

In the final analysis the fatal defect in the notice lies in the fact that the statute requires not less than ten days such notice, and the trustees gave Dr. Bowers only nine days notice.

The motion to reinstate Louis F. Viereck as a party defendant herein, is overruled.

"It by no means follows, however, that the plaintiffs are entitled to an unconditional injunction against the collection of the tax. They ask equity, and must do equity. They invoke the exercise of an extraordinary power of the Court for their relief, and the Court in its discretion should refuse that relief, except upon conditions that are equitable and just. We think, therefore, that the plaintiffs, or their bank, shall first pay to the treasurer of Hamilton County * * * such sum as might lawfully have been assessed upon the plaintiffs or their banks, under said act, had it been one of said state banks. If the parties cannot agree upon this sum, proceedings can be adopted to ascertain it by the Court; * * *."

Welch, J., in the case of **Frazer et al. v. Seibern et al., 16 Oh St 615, 625.**

A Court of Equity is where reasonable minds should prevail. Dr. Bowers and his wife must without question permit the removal of the fence by the contractor, Mr. Durban, and it may not be amiss, to remind them that there always remains the possibility that a new assignment may be made after proper notice as provided by §5910 GC, and a sale of the contract to build the fence pursuant to §5913 GC, later may cost more money than the $675.00 price of Mr. Durban.

Mr. Durban should realize the possibility of having this fence on his hands without other compensation.

Mr. Viereck desires the fence to remain, and in the spirit of give and take, might be prevailed upon to stand part of the expense of this unfortunate venture, even though he has no legal obligation to do so.

The Court has fully expressed its opinion as a chancery judge, in the hope that the parties may lend a willing hand through their counsel, in an effort to reach a sensible and just solution of the problem involved.

The writer of this opinion will be on the bench during the current vacation, from August 24th to September 5th, and requests a conference with counsel on August 24th or the earliest date thereafter convenient to all concerned, to determine the final form of the Court's order herein.