OPINION
Appellant Mary Ann Township Board of Trustees ("the Board") appeals the October 10, 2001 Judgment Entry of the Licking County Court of Common Pleas, finding the Board lacked jurisdiction to consider a partition fence complaint which involved appellees Steve F. Wireman, et al. ("the Wiremans").
 STATEMENT OF THE FACTS AND CASE
In a correspondence dated January 22, 2001, property owner Roger Bailey informed the Wiremans they were adjoining property owners and requested that the parties erect a line fence between the two tracts of land. Bailey received no response to the letter, and, on February 10, 2001, filed a notice with the Board, requesting the Board initiate the process which would require the erection of a fence between the properties at issue. On February 13, 2001, a deputy sheriff personally served the Wiremans with a Notice of Complaint and Meeting to View Partition Fence, which was to be conducted on February 24, 2001.
The Board conducted the view as scheduled. Subsequently, on March 12, 2001, the Board held a special meeting concerning the line fence partition. After the parties presented testimony and evidence, the Board unanimously voted the parties needed to construct a line fence. The Board ordered the fence be constructed within ninety days. The Wiremans filed a notice of appeal to the Licking County Court of Common Pleas. The trial court issued a briefing schedule and the parties filed their briefs accordingly. Via Judgment Entry filed October 10, 2001, the trial court found the Board lacked jurisdiction to consider Bailey's application for a line fence. The trial court's determination was based upon a finding the Board failed to provide written notice to "all adjoining land owners" as required by R.C. 971.04.
It is from this judgment entry the Board appeals, raising as its sole assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THAT THE APPELLANT Board LACKED JURISDICTION TO VIEW THE PROPERTY AND RENDER A DECISION ON THE PARTITION FENCE COMPLAINT.
 I
Herein, the Board maintains the trial court erred in holding it lacked jurisdiction to consider Bailey's request for a line partition fence. Specifically, the Board challenges the trial court's finding, in order to be vested with jurisdiction, the Board was required to notify Debra L. Leek, a neighboring property owner, of the proceedings.
R.C. 971.04 provides, in pertinent part:
 When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the Board of township trustees of the township in which such land or fence is located. Such Board, after not less than ten days' written notice to all adjoining landowners of the time and place of meeting, shall view the fence or premises where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him.
The Board argues to read "all adjoining landowners" to include adjoining land owners who were uninvolved in the controversy at hand and whose property only touches the property on which the partition fence is located at a single point would be unreasonable and illogical. We disagree.
In Bowers v. Viereck,[1] the court addressed the duty of a Board of Trustees, stating:
 This Court finds no duty on the part of Viereck to determine who all the adjoining landowners were, but considers it to be the duty of the trustees acting as a quasi-judicial body to determine such owners, before they had any jurisdiction to proceed to assign to the owners their respective shares of the fence to be built. `By the terms of Section 5910, General Code, in order to vest jurisdiction in a Board of township trustees to make the assignment therein provided, written notice must be given to all adjoining land owners.' 1928 Opinion of the Attorney General, No. 2366. This requirement is mandatory and the mandate is to the trustees to give said notice.
Based upon the language in R.C. 971.04 as well as the rational set forth in Bowers v. Viereck, we find the Board had no jurisdiction over this matter because it failed to satisfy this mandatory requirement.
Appellant's sole assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J., FARMER, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Bowers v. Viereck (Ohio Cm. Pls. 1953), 117 N.E.2d 717.