[No. 2178.]

## ARNETT v. HUGGINS.

**1.  Mortgages—Wrongful Sale by Mortgagee—Measure of Damage—Conflicting Instructions.**

In an action for damage for a wrongful sale of land by defendant which plaintiff had mortgaged to defendant by a deed absolute in form and for refusing to permit plaintiff to redeem, where the court in one section of its instructions told the jury that the measure of damage was the difference between the sum of the liens on the land and the amount for which it was sold by defendant, provided it was not sold for less than its market value, and in another section that the measure was the difference between the market value at the time of sale and the price for which it was sold by defendant, and in another section that plaintiff was entitled to recover the entire purchase price with interest, and it does not appear which rule the jury adopted, even if any one of the rules laid down for the measure of damage was correct, the instructions are so conflicting that a verdict and judgment based thereon should be reversed.

**2.  Same.**

In an action for damage for a wrongful sale by defendant of land held by him under a deed from plaintiff absolute in form but in fact a mortgage, and for refusing to allow plaintiff to redeem, where the answer tendered other issues and there was evidence tending to support them, it was error to instruct the jury that the only question before it was the measure of damage.

*Appeal from the District Court of Boulder County.*

Messrs. DUNCAN & ANDREWS and Messrs. IVES & HOUSTON, for appellant.

Mr. O. A. JOHNSON, for appellee.

Mr. T. M. ROBINSON, of counsel.

GUNTER, J.

This was an action to recover damages for an alleged breach of contract.   Plaintiff had verdict and judgment.   Defendant appealed.   The complaint alleged that one Huggins owning certain real estate borrowed money of defendant and conveyed the real estate to her, that she executed a contract to recon-

vey to him all interest in the realty so acquired on the payment to her of the money borrowed with legal interest, that Huggins assigned this contract to plaintiff, that she made a tender of the money loaned with interest and demanded a reconveyance of the property, that defendant refused, and still refuses, to make the conveyance.

Judgment was prayed for damages claimed to have been sustained through the alleged breach.

Defendant denied that plaintiff had sustained any damage by the alleged breach of contract, and set up affirmatively the existence upon the property at the time of the conveyance from Huggins to defendant of a trust deed and tax liens, that whatever interest Huggins had in the property conveyed at the time of the alleged breach was inferior to such trust deed, tax liens and lien created by the loan of defendant, that the value of the property was less than such aggregate liens, therefore, no damage was sustained by failure to reconvey.

There was evidence tending to sustain the allegations of the respective parties. One of the material questions for the jury to determine was the amount of damage, if any, sustained by plaintiff through the alleged breach of the contract. It appeared that defendant had sold and conveyed the property to a third party. In one section of the instructions the jury was charged that the measure of damages sustained by plaintiff was the difference between the sum of the above mentioned liens and the amount for which defendant sold the property, provided the land involved was sold for not less than its market value. In another section of the instructions the jury was told that the measure of damages to be applied was the difference between the market value of the land at the time it was sold and the price for which it was sold by the defendant. In a third sec-

tion the jury was charged that the plaintiff was entitled to recover the entire purchase price paid to the defendant and interest thereon at 8 per cent. per annum since payment thereof. It is apparent these instructions were in conflict. The evidence was contradictory as to the amount of damages, if any, sustained by plaintiff. It is impossible to determine which one of the rules laid down for the measure of damages the jury adopted; if any one of the rules so announced were correct—which we do not hold—the conflict between them would necessitate a reversal. In another instruction the jury is told that the only question before it was the measure of damages. The assumption that this was the only issue was not justified; the answer tendered other issues, tending to support some of which there was evidence.

The judgment should be reversed.

*Reversed.*