No. 15,261.

MOSHER *v.* SCHUMM.

(166 P. [2d] 559)

Decided February 11, 1946.

442 .

Mr. FRANK DELANEY, for plaintiff in error.

Mr. ALLYN COLE, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE KNOUS delivered the opinion of the court.

IN the district court, Mosher, as defendant, was sued by Schumm, as plaintiff, for the recovery of one-half the cost and cash value of a partition fence ($610.00) and one-half the cost of its subsequent maintenance

($74.01). Plaintiff's right of recovery, pleaded in a single cause of action, was premised upon an agreement of the parties and the statutory liability of defendant, as alleged. Following the overruling of his motion seeking a division of the two grounds of recovery asserted, into separate causes of action, and for an election thereon, defendant answered by way of general denial and multiple special defenses. At the trial both theories of recovery were submitted to a jury which returned a general verdict for plaintiff, fixing his damage at $545.00, upon which judgment was entered in his favor against defendant, who herein seeks its reversal.

As the basis for the statutory liability of defendant, following allegations that plaintiff had constructed and maintained the partition fence at his sole expense, the complaint averred: "VIII. That the plaintiff has demanded of the defendant that he pay to the plaintiff one-half of said sums for construction and covering the cash value of said fence, and likewise one-half of the expense of the maintenance thereof, and has served upon the defendant a written notice of his demands in that respect in conformance with Section 60 of Chapter 160, C.S.A., but that the defendant has wholly failed, neglected and refused to pay said sums, or any part thereof to this plaintiff, and that there is now due and payable from the defendant to the plaintiff, the sum of Six Hundred and Eighty-four and 01/100 Dollars ($684.01) representing one-half of the cost and cash value of said fence and one-half of the expense of the maintenance thereof."

In so far as is immediately pertinent, section 60, chapter 160, '35 C.S.A., to which reference is made in the complaint as aforesaid, provides: "Partition fences shall be erected and kept in repair at the joint cost of the owners of the respective adjoining enclosures; * * *. If, after thirty days' written notice, served personally or by registered mail, by either party upon the other party, the other party neglects or refuses to erect or

repair or cause to be erected or repaired the one-half of said partition fence, the party giving notice may proceed to erect, repair or cause to be erected or repaired, the entire partition fence, and collect by a civil action at law one-half the entire cost thereof from the other party; provided, the respective parties occupy the same for purposes requiring a fence; * * *."

It is conceded that there was no evidence of service on defendant at any time of any written notice in the statutory form or at all.

At the conclusion of plaintiff's case and again at the close of all of the evidence, counsel for defendant unsuccessfully moved, inter alia, for withdrawal from the consideration of the jury of the question of asserted liability of defendant based upon the statue, because of the failure in proof of service of notice on defendant as alleged and as required by section 60, supra. The point was further saved by a tendered instruction and is specified here as error.

Notwithstanding that, as has been mentioned above, plaintiff affirmatively alleged his compliance with the notice requirements of section 60, supra, and the defendant's refusal to respond thereto as imposing on the latter a statutory obligation to pay, the plaintiff, without any amendment to his complaint, takes the position that he was entitled to recover under section 59, chapter 160, '35 C.S.A., which provides as follows: "Where the lands of two persons adjoin and both persons shall occupy the land either for pasture or farm purposes, that it shall be the duty of each party to build one-half of the line fence, such line fence to be a legal fence, as described in section 56 of this chapter; and that where one party shall have already erected a legal fence as herein defined upon any line between himself and any other party, and the other party wishes to occupy the land adjoining, it shall be his duty to either build one-half the said legal fence, or pay the party owning said fence one-half of its cash value."

Counsel for plaintiff argues: "We think it very clear, from any standpoint, that the two sections [59 and 60] are distinct, and that each stands by itself, and is complete in itself. One creates a duty to pay under the conditions therein named, and the other creates a lien and provides· for its enforcement, under other conditions. One creates a duty to pay where the land is occupied and used for pasture or farm purposes, while the other provides for a lien upon inclosed premises occupied for any purpose whatever, and under conditions completely fixed in that section. There is no occasion to try to construe the two sections together, because each is complete within itself, and they cannot be construed together for both the conditions of liability and measure of damages, are quite different." Counsel in presenting this argument seems to disregard the fact that in the complaint herein he *did* pray for a lien and its foreclosure in precise accord with the procedure fixed by section 60, supra.

Our study convinces us that counsel in his complaint, rather than in his argument following the failure in the proof of notice, correctly appraised and alleged the essentials for the recovery of statutory contribution for the construction and maintenance of this partition fence.

All of the lands involved were used for pasture. When plaintiff acquired and moved onto his premises, defendant already was occupying the adjoining lands which entirely surrounded those of plaintiff. According to plaintiff's testimony there then was no legal partition fence along the line herein involved. Thus, since neither party "had already erected a legal fence * * * between himself" and the other party, the second clause of section 59, supra, was without pertinency. Where no partition fence has been built and the conditions of ownership, occupancy and use specified in the first clause of section 59, supra, attend, the General Assembly thereby has declared it to be the duty "of each party to build

one-half of the line fence" in conformity with the specifications for a lawful fence as set out in section 56, chapter 160, '35 C.S.A.

■ ■ However, where, as here, both premises are in occupancy and no partition fence exists, no provision of section 59, supra, gives to one of the parties, who may elect to build the *entire* line fence, any right to recover involuntary contributions from his neighbor who has deferred the performance of his inchoate statutory duty. Section 60, supra, alone provides machinery for the imposition of a statutory liability upon a non-cooperating party, and the service upon him of written notice as therein provided is made a condition to the bringing of a civil action to recover the cost of construction. Obviously, the purpose of the notice provision is to give the inactive party thirty days in which to elect whether he shall erect his share of the fence or contribute to the movant for its construction; also, the service of notice formally fixes the time of demand and of default if such follows. The pattern of our statutes in this respect is typical of those in other jurisdictions. Thereunder, it generally has been held that the statutory method of procedure to enable one person to build another's portion of a partition fence, and then recover the value, is exclusive, and a party, without resorting to, and complying with, the statute, cannot build the whole fence and then recover. See, 22 Am. Jur., p. 534, §28, and 36 C.J.S., p. 647, §12 (b). We, therefore, conclude that the court, in the circumstances present, erred in submitting to the jury the question of the alleged statutory liability of the defendant. Upon this subject, another subsidiary error, which also is specified for reversal, occurred. Section 60, supra, which singly and alone expressly creates the duty of the joint maintenance of partition fences and confers the only statutory right to recover contribution therefor, specifically requires service of written notice of demand as a condition precedent to action. Notwithstanding, the court instruc-

tions given herein permitted recovery of repair charges as a matter of statutory liability, without requiring proof of the service of notice.

██ As has been mentioned hereinabove plaintiff, in addition to basing his cause of action on the statutory liability of defendant, alleged defendant contracted to pay. The evidence on the latter issue was in conflict. Questions as to whether there was a contract and whether recovery thereunder, in whole or in part, was barred by the statute of limitations pleaded by defendant, properly were for resolution by the jury; however, since the cause was submitted to the jury on instructions covering both grounds for recovery alleged by plaintiff, one of which was valid and the other not so, it is impossible to determine from the general verdict returned, upon which theory the jury found for plaintiff. In such circumstances prejudice to defendant must be presumed. See, *Hanlon v. Woodhouse,* 113 Colo. 504, 160 P. (2d) 998; *Colorado & Southern Ry. Co. v. McGeorge,* 46 Colo. 15, 102 Pac. 747; *Anderson v. Bartels,* 7 Colo. 256, 3 Pac. 225; *Arnett v. Huggins,* 18 Colo. App. 115, 70 Pac. 765; and *Great Western Sugar Co. v. Parker,* 22 Colo. App. 18, 123 Pac. 70.

██ The situation so arising, also well may be considered as analogous to that attaining where a case is erroneously submitted to the jury on two causes of action, the plaintiff being entitled to recover only on one, and a general verdict is returned in his favor. In such an event a new trial must be granted. See, 46 C.J., p. 167, §134 (e).

In the view taken, we deem it unnecessary to notice the other points specified for reversal.

The judgment is reversed and the cause remanded. Further proceedings shall not be inconsistent with the views expressed herein.

MR. JUSTICE JACKSON and MR. JUSTICE BAKKE concur.