JANVIER, Judge.
Plaintiff, John R. Hughes, and defendant, Paul Brignac, own adjoining properties fronting on the Gentilly highway in New Orleans. During the fall of 1952, there arose between them a controversy over the construction of a division fence between their properties. The defendant Brignac had already erected along a part of the division line, though two inches from the line and entirely on his own property, a fence commencing about 132 feet from the front of the properties and extending towards the rear 96 feet. The rear end of this fence was 184 feet from the rear line of the properties so that there was no fence between the properties for a distance of 132 feet from the front line and for a distance of about 184 feet from the rear line.
On November 3, 1952, plaintiff, Hughes, wrote to defendant advising that he intended to construct a Page wire fence along the division line, but entirely on his side of that line. In the letter he said that it would not be a community fence; that he expected to complete it when he saw fit.
It is obvious that there had already been conversations between defendant and plaintiff concerning a fence, and in this letter plaintiff Hughes referred to a previous conversation. When Brignac received this letter he employed an attorney, Mr. D. A. McGovern III, to answer it and Mr. McGovern wrote to Hughes on November 5th. He referred to the letter of Hughes dated November 3rd as being impertinent, and stated that an investigation showed that the material for the construction of the fence which Hughes intended to build was available and that no delay was necessary; that a neighbor under the law-“need only contribute when a fence composed of wooden materials is erected,” and added, however, that since Hughes had stated that he would not require contribution “the question of contribution cannot possibly enter the picture.”
To this letter of Mr. McGovern, Mr. Harry Cabral, as attorney for Hughes, made reply, addressing the answer to Mr. McGovern. He stated:
■ “Since it is apparent your client desires to exert his legal rights in every respect, I have advised my cli *24 ent to abide by the law and to build a 7-board feather-edged fence of the best material available on the market, the entire length of your clients’ property which, as you know, will result in your client being called upon to pay the cost of one-half of this fence.”
No answer was received by either Mr. Cabral or plaintiff Hughes to this letter, and, on November 21st, Mr. Cabral again wrote to Mr. McGovern as attorney, stating that he was enclosing two bids for the erection of the fence, together with a sketch showing the location of the fence and in this letter he said:
“ * * * Notice is hereby given to Mr. Brignac through you that our client proposes to erect this fence and call upon Mr. Brignac for the payment of one-half thereof. Please advise us within the time prescribed by law whether or not Mr. Brignac accepts the responsibility for the payment of one-half of the cost.
“Should we fail to receive your reply within the time prescribed by law, we shall be compelled to build the fence and take a lien against Mr. Brignac’s property subject to payment by Mr. Brignac.”
No answer was received to this letter and, on December 16th, Mr. Cabral, as attorney for plaintiff Hughes, again wrote to Mr. McGovern as attorney calling at-tent-'on to the letter of November 21st, regarding “the community fence to be built by John R. Hughes on the adjoining property line between his property and that of Mr. Brignac.” Mr. Cabral stated that, since no answer had been received, Mr. Hughes would proceed to build the fence in accordance with the sketch and with the lower of the two bids, which amounted to $881.32. He added that after the construction of the fence “we expect your client to pay one-half of the cost thereof.”
On January 22nd, Mr. Cabral wrote directly to Mr. Brignac, the defendant, as follows:
“We have complied with all phases of the law in regard to the fence which Mr. Hughes has constructed along the adjacent property line dividing your property from his. We have received no cooperation or no advices from you. Therefore, the fence was built by our client. The cost of the fence is $691.20. Your half of the cost amounts to $345.60. You are now notified that payment in the sum of $345.60 is demanded on or before Thursday, January 29th, 1953, after which time a lien will be filed against your property and the necessary litigation will be entered into in order to compel you to pay for this community fence.”
It appears that when Mr. McGovern received the letter of Mr. Cabral, which was dated November 21st, and in which the bids were enclosed, it was stated that Mr. Hughes would abide by the law and build the fence, -and would call upon Mr. Brignac to pay one-half of the cost. Mr. Cabral sent a copy of this letter to Mr. Brignac.
In his petition plaintiff alleged that, in spite of the several letters which had been written to Brignac or his attorney, he had taken no action to seek other bids and that therefore he, Hughes, had erected “a standard seven board feather-edge board fence,” using “4 x 6 No. 1 Common Cypress posts and No. 2 1 x 12 feather edge Cypress boards, for a distance of 320 lineal feet, at a cost of $2.16 a foot, or a total of $691.20.” And it is for one-half of this amount, to wit $345.60, for which this suit is brought.
Defendant Brignac denied all of the allegations of the petition and averred that the fence erected “does not comply with the specifications of any law or ordinance for a party fence to which a landowner is entitled to compel his neighbor to contribute.”
After a trial on the merits there was judgment in favor of plaintiff as prayed for, and defendant has appealed.
*25 In this Court counsel for defendant has contended that the First City-Court of the City of New Orleans had no jurisdiction ratione materiae and that we should dismiss the suit ¡because of lack of jurisdiction of that Court. This contention is based on the theory that there is involved a dispute over the fixing- of the boundary between the property of plaintiff and that of defendant. We cannot agree with this contention. Counsel for defendant directs attention to section 91 of Article 7 of the Constitution of Louisiana which provides that the City Court of the City of New Orleans does not have jurisdiction in cases involving title to real estate when the amount in dispute exceeds one hundred dollars, and, in support of his contention, he cites Stephens v. Jones, 14 La.App. 113, 129 So. SSS, decided by the Court of Appeal for the Second Circuit.
It is very obvious that the case of Stephens v. Jones has no application whatever to the facts involved here. While it is true that there the question of the erection of a division fence was involved, the real question involved the location of the fence, the allegations of plaintiff showing, according to the decision, that “defendant had caused a board fence to be constructed which encroached upon plaintiff’s land and is over the boundary line between the respective properties * *
Our conclusion is that no “real” right is involved, and that since the fence is on what is conceded to be the proper line, except one-eighth inch where it may encroach at one spot, there is no question of boundary, the only question being whether defendant must pay one-half the cost.
Some of the other multitudinous contentions of defendant require a little more serious discussion. Among these are the following: (1) That notice of the intention to build the fence was not given to defendant by plaintiff; (2) that there was introduced no ordinance or other legal authority under which one adjoining property owner is authorized to require his neighbor to pay one-half the cost of a partition fence; (3) that, as a matter of fact, there were two fences constructed and not one, one being from the front line of,the property to the front end of the fence which was already constructed and the, other extending from the rear end of that fence to the rear line of the property; (4) that the fence or fences which were erected were not such as may be erected when one owner intends to require contribution from his neighbor; (5) that in such notice or notices as were given, not directly to defendant, the amounts of the bids were greater than the ultimate cost of the fence which was actually erected.
We are unable to sustain the contention that defendant is not liable since no notice of intention to construct the fence was given to defendant himself. When the first notice was given directly to Brignac that Hughes intended to construct an elaborate wire fence, Brignac employed an attorney and through him communicated with Hughes, and, in the letter written by the latter to Hughes, made certain threats against Hughes. As a result of that letter Hughes decided not to construct the expensive wire fence, but to erect what is referred to by both counsel in oral argument as a legal fence, and it was only natural that, since Brignac had employed an attorney to answer the first letter of Hughes, Hughes in answering that letter should have his attorney write to the attorney who had been employed by the defendant.
The letters, which the attorney for Hughes wrote to the attorney for Brig-nac, gave ample notice of the intention to build a legal fence, and, although they were written to the attorney and not directly to Brignac, the record shows that a copy of the special notice of intention to build the fence which was contained in the letter of November 21st, was sent by McGovern to Brignac. We think that that was sufficient notice. Certainly after Brignac had employed an attorney to han- *26 die the matter for him, he cannot he heard to say that the attorney was employed only for the one purpose of answering the first letter and that he had no authority beyond that. This contention is vehemently made by counsel for Brignac.
In Hubbs v. Bivelette, 56 So.2d 198, we held that, although no formal notice had been given to the defendant, he was familiar with everything which had gone on before; had discussed the matter with the plaintiff, and that he was liable for one-half of the cost of the partition fence.
We think that here ample notice was given by Hughes of his intention to construct the fence and to demand contribution.
Counsel next contends that no ordinance or other law to authorize one neighbor to erect a fence and demand contribution from another was offered in evidence. Such an ordinance is authorized by Article 686 of the LSA-Civil Code which reads as follows:
“Every one has a right to compel his neighbor within the cities and towns, and their suburbs, of this State, to contribute to the making and repairing of the fences held in common, by which their houses, yards and gardens are separated, which .shall be made in the manner in which is or may be prescribed by the regulations of the police on this subject.” could be had. Among them he said that the evidence showed that the fence as constructed was of cypress material and he argued that it should have been of pine, and in support of this argument he quoted the very ordinance which he says had not been introduced in evidence. That portion of the ordinance which is applicable reads as follows:
It is true that in the case at bar there was offered in evidence no ordinance, but both counsel throughout the record and in their brief referred to the ordinances and quoted from them, and, in fact, both counsel in oral argument referred to the fence which had been constructed as a legal fence, meaning, of course, a fence constructed under authority of a municipal ordinance of the City.
Counsel for defendant rather vehemently contends that although he referred to the fence as a legal fence, there were certain reasons why no recovery
“A substantial and suitable party fence is considered to be a fence of one inch by twelve inches (1" x 12") feather edged boards nailed horizontally, seven (7) boards high across pine posts four inches by six inches (4" x 6"), no more than eight (8') apart, set three feet (3') in the ground, with one-half (½) of the total thickness of the fence on each side of the party line.”
It is true that in the ordinance pine posts are referred to. We have no hesitation in declaring that it was not the intention of the framers to require pine posts. The framers of that ordinance were merely illustrating what they considered as a suitable fence and certainly it is recognized in this locality that a cypress fence for such purposes is quite suitable.
We note with interest that in the case of Hubbs v. Bivelette, supra [56 So.2d 200], the City Ordinance was not offered in evidence but was considered by us since “it was referred to during the trial below and the provisions of the ordinance were shown and quoted to the Judge of the First City Court.”
Furthermore, on the question of what constitutes a proper fence, it is interesting to note that it is conceded that the portion of the fence which had already been erected by defendant was identical with those two portions which were erected by plaintiff and on which this suit is brought.
The contention that the fence was not continuous from the front line to the rear but was interrupted by the other *27 fence, we consider of no importance. It would be absurd to hold that advantage could not be taken of that intermediate section which had already been erected by the defendant.
Nor do we consider it important that the fence as constructed cost less than the lowest of the bids which were submitted to defendant. Surely defendant cannot be heard to complain that the plaintiff was bound to spend the total amount mentioned in his notice if he could have a satisfactory fence built for a smaller amount.
Counsel for defendant also argues that the fence is not a legal fence, though in argument before us he stated that he based this particular argument on the fact that at some points the bottom of the lowest board is about six inches above the ground. The record convinces us that this results from unevenness of the ground and not from any defect in the fence.
Under all the circumstances we conclude that the defense is without merit. Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.