L. JULIAN SAMUEL, Judge ad hoc.
This is a suit brought by the owner of certain property in New Orleans against the owners of the adjoining property for the latters’ share of the cost of constructing a party fence.
The plaintiff, John E. Dinwiddie, desired to construct this fence between his residential property and the adjoining rental property owned by the defendants in in-división, and, in furtherance thereof, sent to one of the defendants, Allan Stubbs, the written notice required under Article 4502 of the New Orleans Building Code. At that time plaintiff was under the impression that the said Allan Stubbs was the sole owner of the adjoining property. Upon the alleged refusal, or at least the non-action of Stubbs, who did not respond! to the letter, the plaintiff proceeded to construct a party fence and filed suit against Stubbs for one-half of the cost of the construction.
Exceptions of nonjoinder and no cause of action were filed against this petition, and the plaintiff amended to include all of the owners in indivisión with Stubbs.
There was judgment in the lower Court, in favor of plaintiff and against Stubbs for the latter’s virile share of the cost of construction and in favor of the remaining defendants and against the plaintiff, dismissing the suit as to such remaining defendants. The plaintiff has appealed, asking for judgment against all of the defendants for the full one-half of the cost of construction, and this appeal has been answered by the defendants, who pray that the suit be dismissed as to all of the defendants and, in the alternative, that the judgment be affirmed as rendered.
There are several questions involved, such as the sufficiency of the notice as to-agency, the alleged absence of an outright refusal to join in the construction, the alleged continuance of negotiations, etc. However, the position that we take on only-one of the questions involved makes a consideration of the others unnecessary.
The statutory law under which this case-falls is as follows: (1) Article 686 of the-LSA-Civil Code:
“Partition fences in cities — Contribution. Every one has a right to compel his neighbor within the cities and towns, and their suburbs, of this State, to contribute to the making and repairing of the fences held in common, by which their houses, yards and gardens-are separated, which shall be made in. the manner in which is or may be prescribed by the regulations of the police-on this subject.
“And if one of the proprietors has been alone at the expense of making- *96 the inclosures held in common, he may compel the other to make it in his turn, and the presumption shall he that the inclosure was made by him on whose side it is nailed, unless there exists a voucher or proof to the contrary.”
(2) That portion of Article 4501, New Orleans Building Code, Ordinance 17,525, C.C.S., which reads as follows:
“He who first builds a fence may erect said fence on the property line, but cannot compel his neighbor to contribute to the erection of said fence except as provided in Article 4502.”
(3) That portion of Article 4502, New Orleans Building Code, Ordinance 17,525, C.C.S., which provides as follows:
“1. Whenever the owner of a lot shall desire to enclose same by a fence, he shall give notice of such desire in writing to the owner or owners of the adjoining lots, describing in said notice the premises to be enclosed and the character of the fence to be constructed. Upon refusal to join in the building of such party fence and after the expiration of ten (10) days from ■the delivery of said notice, if such owner or owners shall still neglect to join petitioner in building, petitioner may proceed to build a fence as described in the petition and shall be entitled to recover from such owner or owners one-half (%) the cost of a substantial and suitable party fence, except as provided above.
“2. A substantial and suitable party fence is considered to be a fence of one inch by twelve inches (1" X 12") feather edged boards nailed horizonrally, seven (7) boards high across pine posts four inches by-six inches (4" X 6"), not more than eight feet (80 apart, set three feet (30 in the ground, with-one-half (%) of the total thickness of the fence on each-side of the party line.”
The record reveals that this party fence was constructed entirely of redwood, of 1" X 6" boards nailed vertically, and with posts 4" X 4". The testimony further establishes the fact that redwood material is considerably more expensive than pine and somewhat more expensive than cypress.
It is quite clear from a comparison of the fence described in the ordinance with the one actually constructed by the plaintiff that they are considerably different. The redwood is used instead of the pine posts, the boards are nailed vertically instead of horizontally, which in itself conceivably could make a difference in cost, and the boards are of different sizes, as are the posts.
The plaintiff strenuously argues, and relies upon, the case of Hughes v. Brignac, 72 So.2d 22, in which this Court held that the use of cypress instead of pine was permissible under the ordinance and enforced contribution notwithstanding the fact that the material used was more costly than pine, under the theory that the fence described in the ordinance was merely illustrative.
In the Brignac case we did hold that the use of cypress instead of pine, in that particular case, was a substantial compliance with the ordinance and therefore sufficient. But we here are asked to go another, and much longer step, in the direction of what can be considered “substantial compliance.” We are unwilling to do this.
The fence involved here does not sufficiently meet the requirements of the ordinance so as to be considered substantial compliance. The differences and the increased cost are too great.
The plaintiff, having failed to comply with the ordinance, is not entitled to the benefits thereof and cannot enforce contribution from the adjoining property owners.
For the reasons assigned, the judgment appealed from is annulled, avoided and re *97 versed insofar as it condemns the defendant, Allan Stubbs, to pay his virile share to the plaintiff, and the plaintiff’s suit against said defendant, Allan Stubbs, is dismissed. The judgment appealed from is affirmed insofar as it dismisses the plaintiff’s suit against all remaining defendants; costs to be paid by the plaintiff.
Reversed in part; affirmed in part.