LIEN et al., Appellant v. ROWE, County Treasurer, Respondent

(92 N.W.2d 922)

(File No. 9692. Opinion filed November 13, 1958)

**Stephens, Riter & Mayer,** Pierre, for Plaintiffs and Appellants.

**James H. Wilson,** State's Atty., Rapid City, for Defendant and Respondent.

ROBERTS, J. This action was brought by appellants against the County Treasurer of Pennington County, South Dakota, for the purpose of obtaining judgment for the recovery of motor vehicle compensation fees paid under protest. Motion to dismiss the complaint was granted by the trial court. Plaintiffs appeal.

The sole question presented is whether or not the complaint states a cause of action. The complaint alleges that plaintiffs as copartners are engaged under the name of Pete Lien & Sons in the business of operating limerock mines; that certain motor vehicles were leased by Lien, Inc., a South Dakota corporation, to plaintiff copartners who own equally the capital stock of the corporation and were exclusively used by them in the transportation of products originating in or produced from their mining operations; that officers of the law threatened to arrest and prosecute plaintiffs for failure to pay compensation for the unusual use of public highways and to display compensation plates;

and that plaintiffs made payment not voluntarily, but under protest and compulsion to prevent the stopping of the operation of their motor vehicles upon public highways.

SDC Supp. 44.0422 (Chap. 238, Laws 1953) prior to its amendment by Chap. 230, Laws 1957, defined the term "motor carrier" in so far as material to the present appeal as follows: "The term 'motor carrier', when used in the succeeding sections of this chapter, means any person owning, controlling, operating, or managing any motor vehicle, trailer, or semitrailer for the transportation of persons or property over the public highways of this state, but shall not include corporations in so far as they own, control, operate, or manage motor vehicles * * *when exclusively used in relation or incidental to farming, mining, excavating or logging operations, or motor vehicle exclusively used in the transportation of products originating in or produced from or necessary to or for farming, mining, or logging or excavating operations when transporting such products actually produced or **owned by the owner of such motor vehicle or motor vehicles,** or occasionally used in hauling such products in the ordinary exchange of work". Motor carriers, not so excepted by these or other provisions of the motor carrier compensation act, are forbidden to operate their motor vehicles without first having complied with its provisions. SDC 44.9927.

The declared purpose of the motor carrier compensation act is set forth in the Revised Code of 1939 as follows:

"44.0420 Declaration of policy. The business of operating as a motor carrier as defined in section 44.0422 upon the highways of this state is declared to be a business affected with the public interest. The rapid increase in motor carrier traffic over the highways of this state tends to subject said highways to unusual wear and impairs the said highways disproportionately to the travel thereon by the general public, necessitating compensation to the state for the maintenance, upkeep, and policing of the said highways, to the end that said highways may be maintained in the best possible condition for the convenience and use of the general public."

"44.0421 Unusual use of the highway. For the purpose of this chapter, any person as herein defined, using the public highways of this state as a motor carrier, shall be deemed to be making unusual use of said highways."

The original statute, Section 3 of Chapter 139, Laws of 1933, excluded "corporations or persons" engaged in specified transportations from the definition of the term "motor carrier". The words "or persons" were no doubt unintentionally omitted from Chapter 160, Laws 1943, and Chapter 238, Laws 1953, amending Section 3 of the 1933 statute. See State v. Reed, 75 S.D. 300, 63 N.W.2d 803.

The definition of "motor carrier" was again amended by Chap. 230, Laws 1957. It in part reads as follows: "The term 'motor carrier', when used in Sections 44.0420 to 44.0432 of Chapter 44.04 of the South Dakota Code of 1939 and amendments thereto shall mean any person, copartnership, or corporation owning, controlling, operating, or managing any motor vehicle * * * for the transportation of persons or property over the public highways of this State. Provided, however, the following shall not be considered within the definition of 'motor carriers', to wit: * * * (10.) When operating a motor vehicle by or for the owner exclusively used in the transportation of products originating in or produced from or necessary to mining when transporting such products actually produced or owned by the owner of such motor vehicle."

■ An amendment is usually designed either to alter the operation and effect of earlier provisions or to clarify their meaning. 82 C.J.S. Statutes § 384. There are in the 1957 amendment changes in substance, but they are not here material. It would also appear that the legislature intended a clarification of the prior statute. It sets out each of the eleven exceptions in a subsection beginning with the words "When operating", which indicates a purpose to exempt motor vehicles primarily on the basis of their use. It will be noted that although this section defining "motor carrier" has been repeatedly amended, the language "exclusively used in the transportation of products originat-

ing in or produced from or necessary to mining when transporting such products actually produced or **owned by the owner of such motor vehicle**" remains the same.

Plaintiffs contend that the word "owner" appearing in the exception under consideration includes a lessee. It is argued that this is the reasonable and practical construction of the exception and that the purpose of the act would be thus effected. It is argued that the act does not exempt classes of carriers, but motor vehicles used in specified operations. The argument is advanced that it would be absurd to say that there is a legislative intent to except a motor vehicle when operated by the owner in the transportation of the products of his mine, but when the same operation is carried on by the use of a motor vehicle leased from a third party the exception does not apply.

This court in Mitchell Produce Co. v. Morrison, 63 S.D. 127, 257 N.W. 47, 49, considering the contention that the plaintiff produce dealer purchasing farm products and transporting them in trucks to its place of business was exempt from payment of compensation for the unusual use of highways, said: "The machinery adopted by the Legislature to accomplish its objects was to provide for the payment of compensation by motor carriers as defined in the act; to establish a broad and comprehensive definition of the term 'motor carriers'; and then to exempt out from the definition and operation of the act certain specific transportations. Respondent, being admittedly a motor carrier within the broad definition of the act, but claiming the protection of one of the exceptions, must show itself clearly within the terms of the exception. * * * The canons of statutory construction with reference to exceptions from a general provision are well understood, and to cite authorities in relation to that point seems unnecessary. The applicable principle is well stated in 59 C.J. p. 1092, as follows: 'Exceptions, as a general rule, should be strictly, but reasonably, construed; they extend only so far as their language fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception.' " See also Federal Deposit Insurance Corp. v. Stensland, 70 S.D.

103, 15 N.W.2d 8; Nord v. Connecticut General Life Ins. Co., 71 S.D. 1, 20 N.W.2d 403.

 The word "owner" means "one who has the legal or rightful title, whether the possessor or not". See Webster's New International Dictionary, 2d Ed. If the term is to be given its ordinary meaning, plaintiffs were not the owners of the motor vehicles operated by them. The term "owner" may concededly depend for its significance upon the connection in which it is used and may include one not holding the legal title. Lord v. Black Hills Mining Corp., 68 S.D. 79, 298 N.W. 677. SDC 44.0401 originally enacted as Section 3, Chapter 139, Laws 1933, defines the word "person" as pointed out by counsel to include a lessee, but the word "owner" for the purposes of the motor carrier compensation act is not defined. Appellants direct our attention to the definition of the term "owner" in SDC 44.0101, which is a part of the motor vehicle registration statute, reading as follows: " 'Owner', shall include any person, firm, copartnership, association, or corporation renting a motor vehicle or having the exclusive use thereof under a lease, or otherwise". SDC 44.0201 and 44.0301 also include definition of terms as used in the chapters wherein those sections appear. The term "owner" is therein also defined to include a person or corporation having an interest in a motor vehicle less than the absolute and unqualified title. The chapters in which these three sections appear are independent and complete in themselves and although the sections are under the same title of the code wherein the sections providing for compensation for the unusual use of highway appear they are not in pari materia with those sections and do not govern their construction.

From the facts recited in the complaint it appears that the transportation for which exemption is claimed was not wholly carried on from mines, but included the transportation of products from the processing plant of the plaintiffs to customers at several points throughout the state. In Mitchell Produce Co. v. Morrison, supra, this court said: "So far as concerns the transportation of products originating in or produced from farming, mining, or logging,

it is not enough merely that the property transported shall have been at some previous point in its existence so produced or that at some time or other it thus originated. It must thus originate or must be thus produced to the particular transportation claiming exemption." We are not required to determine whether the statute here involved applies to the transportation described. We for the purposes of this appeal treat it as a transportation of products originating in or produced from a mining operation within the contemplation of the statute.

■■ The law must be considered settled that the right to make a special and unusual use of a public highway, not common to all citizens, may by the legislature be prohibited or regulated as it may deem proper. Continental Baking Co. v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155; Stephenson v. Binford, 287 U.S. 251, 53 S.Ct. 181, 77 L.Ed. 288. The statute as indicated by the broad declaration of policy was designed to maintain the highways of the state in the best possible condition for the use of the general public. To this end the statute as we have said requires all motor carriers using the public highways to pay compensation, except as specifically exempted, for their supervision and maintenance. The exception upon which plaintiffs rely expressly provided that the exclusion of a motor vehicle applied "when transporting such products actually produced or owned by the owner of such motor vehicle." The exclusion also applied when a motor vehicle was occasionally used "in the ordinary exchange of work" in hauling the products specified in the statute. Having in mind the declared legislative policy and the rule of statutory construction with reference to exceptions, we think that the interpretation made by the learned trial court was correct. The exclusion extended only to a transporter carrying his own products in a motor vehicle actually owned by him except in the case of an exchange of work.

Judgment is affirmed.

All the Judges concur.