**Pamela SCHULDT, Plaintiff and Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant and Respondent.**

**No. 12141.**

Supreme Court of South Dakota.

Nov. 30, 1978.

---

5. South Dakota Rules of Evidence, Rule 801(c).

Gale E. Fisher of May, Johnson & Burke, Sioux Falls, for plaintiff and appellant.

Timothy J. Nimick of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and respondent.

PER CURIAM.

This is an appeal from an entry of summary judgment against the plaintiff, Pamela Schuldt, ordering that Miss Schuldt pay $2,652.45 to the defendant, State Farm Mutual Automobile Insurance Company (State Farm), under the subrogation clauses of certain contracts of insurance between Miss Schuldt's father and State Farm. Miss Schuldt appeals, contending that the granting of summary judgment by the trial court was improper. We reverse.

This case arises out of a previous case, *Schuldt v. State Farm Mutual Automobile Insurance Company,* S.D., 238 N.W.2d 270 (1975), in which State Farm's rights under certain subrogation clauses were determined. In that case, upon State Farm's motion for summary judgment claiming that there was no genuine issue of material fact and that State Farm was entitled to judgment as a matter of law, the court entered an Order Granting Defendant's Motion for Summary Judgment ordering that the plaintiff's Complaint be dismissed upon the merits and with prejudice and that said

Judgment was a final judgment. On appeal, this Court affirmed the trial court's granting of summary judgment.

During the course of those proceedings and prior to the entry of summary judgment, State Farm agreed to pay the amount in question to Miss Schuldt's father, as guardian ad litem, subject to a stipulation which read, in part:

. . . [T]ender of payment made . . may be accepted by plaintiff, subject to contractual provisions in the applicable insurance policies, . . . without waiver or prejudice to the rights of parties in the merits of the controversy.

Also, during the proceedings, Miss Schuldt was awarded a judgment of $80,000.00 from a third party as the result of the accident.

Shortly after our decision affirming the trial court's grant of summary judgment, State Farm made a motion to the trial court for an order requiring Miss Schuldt[1] to pay State Farm the sum of $2,652.45. The trial court, acting on State Farm's motion for said order, granted summary judgment for State Farm, requiring Miss Schuldt to pay the $2,652.45 to State Farm. Miss Schuldt appeals the trial court's decision contending that it improperly granted summary judgment against her. We agree.

South Dakota statutes authorizing summary judgment[2] require that a motion for summary judgment, or an equivalent motion,[3] be made before summary judgment may be granted. In the appeal before us, no such motion was made. The only motion made by State Farm was for an order compelling Miss Schuldt to pay $2,652.45. This cannot be construed as a motion for summary judgment. Therefore, since no proper motion was made, the trial court was without authority to grant summary judgment.

Even if a proper motion had been made, however, the trial court's grant of summary judgment would be improper.

Summary judgment is a final determination of all claims determined by it and once summary judgment has become final, those claims no longer exist. SDCL 15–6–54(a); *In re Schneider's Estate,* 71 S.D. 618, 28 N.W.2d 567 (1947). Upon our affirmance of the trial court in the previous action, there were no longer any claims outstanding in the action, since the summary judgment determined all of Miss Schuldt's claims and State Farm had never made any counterclaims. Thus, there were no surviving claims upon which summary judgment could be granted.

The method by which State Farm sought to be repaid by Miss Schuldt was improper. If a loan receipt had been signed originally and the party plaintiff had then failed to repay State Farm, State Farm would have had to resort to a legal action against her to recover their payment. The procedure should be no different here.

Since our ruling on the summary judgment issue requires reversal of the trial court's decision, we need not consider the remaining points on appeal.

The decision of the trial court granting summary judgment to State Farm for payment of $2,652.45 by Miss Schuldt is reversed.

MORGAN, J., deeming himself disqualified did not participate in this opinion.

---

1. Miss Schuldt had since attained majority age and had been substituted for her father as the party plaintiff.

2. SDCL 15–6–56(a) and (b). See also SDCL 15–6–56(c).

3. SDCL 15–6–12(b) and (c).