**The JENSEN RANCH, INCORPORATED, a South Dakota Corporation, and Paul Jensen, Plaintiffs and Appellees,**

v.

**Robert D. MARSDEN and Herma R. Marsden, husband and wife, and K.C. Marsden, Defendants and Appellants.**

**Nos. 16244, 16254.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1989.

Decided May 10, 1989.

---

Scott D. McGregor of Finch, Viken, Viken & Pechota, Rapid City, for plaintiffs and appellees.

Larry M. Von Wald and Craig A. Pfeifle of Lynn, Jackson, Schultz & Lebrun, Rapid City, for defendants and appellants.

MILLER, Justice.

In this appeal, concerning a boundary fence dispute, we hold that (1) the trial court erred in converting one party's motion to dismiss into a summary judgment for the other party; (2) the trial court did not err in refusing to dismiss the action based upon a claim of service of notice upon the wrong parties; (3) the trial court did not err in denying punitive damages, and (4) the trial court erred in determining that prejudgment interest was not allowable.

Thus, we affirm in part, reverse in part, and remand.

### FACTS

This action involves an unfortunate fence line dispute between ranch families who have been neighbors for many years. Appellants Robert D. Marsden, Herma R. Marsden, and K.C. Marsden (Marsdens) appeal from an order of the trial court granting summary judgment in favor of the Jensen Ranch and Paul Jensen (Jensens). Marsdens claim that the trial court erred in granting summary judgment in favor of Jensens when Jensens did not make a motion therefor and that the trial court erred in refusing to dismiss the action. By notice of review, Jensens appeal the trial court's denial of punitive damages and prejudgment interest.

A fence had been erected several years earlier between the adjoining properties of the parties. However, due to the terrain, it had not been erected on the true boundary. As an accommodation for the placement of the fence, Jensens were allowed to drive over Marsden lands and Marsdens were allowed to graze parts of the Jensen property.

During deer hunting season in November 1983, a dispute developed between the parties over their respective use of the land. Eventually Jensens decided it was necessary to erect a legal fence between the two properties. In June 1984, Paul Jensen sent two letters to Robert Marsden requesting that Marsden erect one-half of the legal

fence.[1] Marsden's response to the first letter was that any work on the fence would be "according to law and without the services of your [Jensens'] crews." Jensen's second letter repeated his request that Marsden erect one-half of the fence, but erroneously described the portion of the property where the legal fence was to be erected. However, it appears that both parties understood where Jensens wanted the legal fence built. Marsdens did not reply to Jensen's second letter. Thereafter, Jensens had their land surveyed and constructed a legal fence between the two properties. After the fence was constructed, Jensens again asked Marsdens to pay for one-half of its cost. Marsdens refused. (There never was a claim that the fence was anything other than a properly located legal fence.) Following another fruitless request for payment, Jensens brought suit against Marsdens seeking payment for one-half of the cost of erecting the fence.

Following the initiation of Jensens' suit, Marsdens filed a motion to dismiss Jensens' complaint and a motion to strike Jensens' claim for punitive damages and attorney fees. Marsdens' motion to dismiss was premised upon the fact that Robert and Herma Marsden were no longer the legal owners of the Marsden property. The motion further alleged that K.C. Marsden had not received proper notice of the demand for the erection of the fence. (Prior to these motions, Marsdens had never advised Jensens of any change in ownership of the property, even though there had been correspondence and conversations regarding the fence line dispute.) Jensens did not file any substantive motions.

At the hearing on Marsdens' motion to dismiss, the evidence adduced related principally to the issues of ownership and notice raised by Marsdens. Following the hearing, the trial court determined that summary judgment in favor of Jensens was appropriate.

## DECISION

### I

### WHETHER THE TRIAL COURT ERRED IN ENTERING SUMMARY JUDGMENT IN FAVOR OF JENSENS.

Marsdens first complain that the trial court erred when it granted summary judgment in favor of Jensens when Jensens had not made a motion therefor. Summary judgment was entered for Jensens based upon *Marsdens'* motion to dismiss Jensens' cause of action for failure to state a claim.

Questions concerning the propriety of a summary judgment are governed according to SDCL 15–6–56. However, the court may treat a motion to dismiss for failure to state a claim under SDCL 15–6–12(b) as a motion for summary judgment.[2]

Summary judgment was inappropriate in this case under our holdings in *Norwest Bank Black Hills, N.A. v. Rapid City Teachers Federal Credit Union*, 433 N.W. 2d 560 (S.D.1988) and *Olson v. Molko*, 86 S.D. 365, 195 N.W.2d 812 (1972). We stated in *Norwest Bank* that a court which treats a motion to dismiss as one for summary judgment must advise the parties of its intent and give all parties an opportunity to present matters pertinent to such a motion by SDCL 15–6–56. Here, the court did not provide the parties with a reasonable opportunity to present any pertinent material, as provided by SDCL 15–6–12(b)(5). The parties thus were not afforded an occasion to file affidavits or other evidence which may have controverted the court's conclusion that no genuine issue of material fact existed. Such is reversible error under *Norwest Bank* and *Olson*. *See also Schuldt v. State Farm Mut. Auto. Ins. Co.*, 272 N.W.2d 94 (S.D.1978)

1. Under SDCL 43–23–1, every owner of land is responsible for one-half of the expense of erecting and maintaining a partition fence.

2. SDCL 15–6–12(b) provides, in pertinent part, that: "If, on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in § 15–6–56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by § 15–6–56."

(summary judgment authorized only where there has been a motion therefor or an equivalent motion); *and* 5 C. Wright and A. Miller, Federal Practice & Procedure § 1366 (1969) (footnotes omitted).

## II

## WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE ACTION.

■ Marsdens next claim that the trial court erred in failing to dismiss Robert and Herma Marsden from the action. Marsdens claim that Robert and Herma were not "owners" of the property under SDCL ch. 43–23 [3] due to their conveyance of the property to their children in December 1983, approximately one month after the dispute with Jensens arose. The record indicates that after Robert and Herma had conveyed the property, they continued to hold it under an oral lease from their children, who own the land as M & K Partnership. The record also evidences that Robert and Herma, after conveying the land to the children, executed *as lessors* a farm and ranch lease-purchase agreement respecting part of the subject property.[4]

This court has previously held that the term "owner" may include one not holding the legal title to property. *See Lien v. Rowe,* 77 S.D. 422, 92 N.W.2d 922 (1958); *see also Lord v. Black Hills Mining Corp.,* 68 S.D. 79, 298 N.W. 677 (1941). Other jurisdictions have held that the term is applicable to one who holds less than a full fee title in the subject property. *See, e.g., Shell Oil Co. v. City and County of San Francisco,* 189 Cal.Rptr. 276, 139 Cal.App. 3d 917 (1983); *Mason v. Rosewell,* 107 Ill. App.3d 943, 63 Ill.Dec. 722, 438 N.E.2d 653 (1982); *Siemer v. Schuermann Bldg. &*

*Realty Co.,* 381 S.W.2d 821 (Mo.1964). Under our statutory scheme, the purpose of a statute is to be gathered from the whole act, and in determining the purpose one may resort to not only the statute itself, but also to the structure and scheme of the statute and to its historical background and legislative history. *See State v. Douglas,* 70 S.D. 203, 16 N.W.2d 489 (1944).

Given the import and purposes of SDCL ch. 43–23, we will not accept a narrow, technical definition of the word "owner" *in this case* because Robert and Herma Marsden, although they claim to be former owners, still exercise some degree of dominion and control over the property. Their control is evidenced, among other things, by their execution of the lease-purchase agreement. In reality, they are the "actual owners" or beneficial or equitable owners. *Bowers v. Viereck,* 117 N.E.2d 717, 720 (Ohio Com.Pl.1953). They certainly are not mere lessees. Thus, the trial court did not err in refusing to dismiss Robert and Herma Marsden from the action.

Marsdens further claim that the trial court erred in refusing to grant their motion to dismiss because Jensens failed to give notice of their intent to erect a legal fence to the title owners of the property, M & K Partnership. This issue has been rendered moot by our holding earlier herein.

It has been asserted that to "serve ... such delinquent owner a notice in writing," as is required in SDCL 43–23–5,[5] requires something more than mailing a letter. Clearly, the statutory scheme provided by SDCL ch. 43–23 is designed to provide an uncomplicated procedure so that a landowner may give his neighbor a meaningful opportunity to assist with the construction or repair of a boundary fence. Additional-

---

**3.** We note that the 1988 Legislature made significant amendments to this chapter. 1988 Sess.L. chapters 350 and 351.

**4.** Marsdens contend that the agreement was merely for lease purposes although it contained express language giving the lessee an option to purchase. We express no opinion on the validity of the purchase option provision in the agreement.

**5.** SDCL 43–23–5 provides:

If any owner of any land neglects or refuses to so erect and maintain one-half of a legal fence on the lines separating his land from adjoining land, the owner of the adjoining land may *serve upon such delinquent owner a notice in writing demanding* that he shall erect or repair, as the case may be, a legal fence along one-half of such line, describing it, within thirty days from the date of service of such notice and demand upon him. (Emphasis added.)

ly, the statutes give the adjoining landowner a specific time within which to either erect or repair his share of the fence or to contribute to his neighbor who undertakes the work after appropriate notice. From reading the statutes as a whole, we do not believe that the legislature contemplated that a dissatisfied landowner must seek out a lawyer to commence some type of legal remedy initiated by a sheriff's service, rather than writing an appropriate letter himself. We might observe that in many, if not most cases, such a requirement would be counter-productive to amicable and neighborly relations.

We believe that the notice provided here is sufficient and that it adequately fulfills the purpose of the statute. *Mosher v. Schumm,* 114 Colo. 441, 166 P.2d 559 (1946); *Kruse v. Vail,* 238 Iowa 1277, 30 N.W.2d 159 (1947); *Hughes v. Brignac,* 72 So.2d 22 (La.App.1954). It put Marsdens on notice that Jensens desired that they erect their share of the fence. Further, we point out by way of example, that under SDCL 15-6-5(a) and (b), service of a notice or demand may be made in various ways, including by mail. We believe that such notice is satisfactory for the purposes of SDCL 43-23-5.

## III

### WHETHER THE TRIAL COURT ERRED IN DENYING JENSENS' CLAIM FOR EXEMPLARY DAMAGES AND PREJUDGMENT INTEREST.

By notice of review, Jensens argue that the trial court erred in denying their claim for exemplary damages and prejudgment interest. While our holding in issues I and II essentially renders Jensens' contentions moot, we feel compelled to discuss these issues in order to guide the trial court on remand.

### A.

### Denial of Jensens' claim for exemplary damages.

■ Jensens claim that they were entitled to a hearing on their punitive damages claim pursuant to SDCL 21-1-4.1, which provides:

In any claim alleging punitive or exemplary damages, before any discovery relating thereto may be commenced and before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against.

Under SDCL 21-1-4, however, the general remedy of damages does not include exemplary damages nor interest on any damages unless expressly provided by statute. Moreover, SDCL 43-23-6 [6] provides that an aggrieved landowner may recover $25 as liquidated damages in addition to one-half of the cost of the erection of a legal fence. It thus appears clear that the legislature intended that Jensens are entitled only to the $25 liquidated damage award and cannot recover anything further by way of the punitive damage claim. To hold otherwise would contravene the settled law. *See K & E Land & Cattle Inc. v. Mayer,* 330 N.W.2d 529 (S.D.1983), wherein we noted that where a statute provides for multiple or excess damages, punitive damages are not recoverable.

### B.

### Whether Jensens are entitled to prejudgment interest.

■ Jensens also assert that the trial court erred in denying their claim for prejudgment interest to which they argue they are entitled pursuant to SDCL 21-1-11. That statute provides:

Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is

---

**6.** SDCL 43-23-6 provides that where a delinquent owner neglects or refuses to erect or repair such fence, the aggrieved owner may erect or repair the fence himself and recover the cost thereof in a civil action and may also recover the sum of $25 as liquidated damages.

prevented by law, or by the act of the creditor, from paying the debt.

In order to award prejudgment interest, the damages must be certain or capable of being made certain by calculation and there must be some actual damages upon which to predicate such award. *See Arcon Constr. Co. v. S.D. Cement Plant,* 405 N.W.2d 45 (S.D.1987); *Amert v. Ziebarth Constr. Co.,* 400 N.W.2d 888 (S.D.1987); and *Subsurfco Inc. v. B–Y Water District,* 369 N.W.2d 129 (S.D.1985). The fundamental purpose of an award of prejudgment interest is to do justice to one who has suffered a loss at the hands of another person. That person should be charged interest upon the sum he or she refuses to tender to the injured party. *S.D. Bldg. Authority v. Geiger–Berger Associates,* 414 N.W.2d 15 (S.D.1987).

Under our most recent holdings, including *Heer v. State,* 432 N.W.2d 559 (S.D. 1988), Jensens are entitled to recover. In *Heer,* we examined the application of SDCL 21-1-11 and reversed the trial court's refusal to award prejudgment interest for the loss of Heer's hogs. We noted in that case that the value of the hogs was reasonably certain and that prejudgment interest therefore should have been awarded as a matter of law. In the present case, as in *Heer,* Jensens' damages are easily ascertainable, their right to recover was vested on a particular day (date of completion of the fence) and thus they are entitled to prejudgment interest. *See also South Dakota Building Authority v. Geiger–Berger Associates,* 414 N.W.2d 15 (S.D.1987) (Sabers J., concurring in part and dissenting in part); *Arcon, supra; Amert, supra; Beka v. Lithium Corp.,* 77 S.D. 370, 92 N.W.2d 156 (1958).

Affirmed in part, reversed in part, and remanded.[7]

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

SABERS, J., concurs in part and dissents in part.

SABERS, Justice (concurring in part and dissenting in part).

Although I agree with the majority on Issue I—that the trial court erred in granting summary judgment to the Jensens—I believe the trial court also erred in refusing to dismiss the action against Robert and Herma Marsden because they are not the owners of the property under SDCL ch. 42–23.

SDCL 43–23–5 provides:

**43–23–5. Neglect or refusal to erect and maintain half of legal fence—Enforcement by adjoining landowner—Service of notice and demand.** If any owner of any land who is liable for one-half of the expense of erecting and maintaining a partition fence pursuant to § 43–23–1 neglects or refuses to so erect and maintain one-half of a legal fence on the lines separating his land from adjoining land, the owner of the adjoining land may serve upon such delinquent owner a notice in writing demanding that he shall erect or repair, as the case may be, a legal fence along one-half of such line, describing it, within thirty days from the date of the service of such notice and demand upon him.

In simple terms, the statute provides that "If any *owner* of any land ... neglects or refuses ... the *owner* of the adjoining land may serve upon *such delinquent owner* a notice in writing demanding that he shall erect or repair, ... one-half of such line, describing it, within thirty days from the date of the service of such notice

---

7. Jensens also claim that they are entitled to costs and attorney fees pursuant to SDCL 15-6-11(d), which reads:

The Supreme Court shall consider all appeals pursuant to this section without any presumption of the correctness of the trial court's findings of fact and conclusions of law. Reasonable attorney fees and costs shall be awarded to the successful party on appeal.

We find that Rule 11(d) does not provide for attorney fees in a normal civil appeal. Rather, it applies only to those appeals which are brought pursuant to Rule 11, relating to the recovery of attorney fees and expenses when an opposing party files a frivolous pleading or motion. As there has been no Rule 11 order entered in this action, we find that Jensens' reliance upon SDCL 15-6-11(d) as authority for an award of attorney fees is misplaced.

and demand upon him." (emphasis added). The statute does not permit service of the notice upon *tenants* of the owner as the majority's interpretation permits. If such is not obvious enough from a plain reading of SDCL 43–23–5, it is clear from a reading of SDCL 43–23–8, which provides that the judgment entered for construction or repair of a partition fence shall be a lien upon the land of the delinquent owner for which it was constructed, superior to all other liens thereon except taxes. The majority opinion would permit a lien to be placed upon this property even though this property is owned by M & K Partnership and not by the tenants, Robert and Herma. I would dismiss Robert and Herma Marsden as parties in this matter. On remand, I would permit liability against the owner, M & K Partnership, only if they have been properly served notice and only if the partnership is liable as principal through the acts of its agent, Robert and Herma Marsden, assuming agency can be established.

I agree with the majority opinion that Jensen's erroneous description of the portion of the property where the legal fence was to be erected was not significant *if* M & K Partnership understood where Jensens wanted the legal fence built.

I agree with Marsdens that the requirement within SDCL 43–23–5 to "serve ... such delinquent owner a notice in writing," requires *something more than mailing a letter*. The majority's reliance on SDCL 15–6–5(a) and (b) is misplaced. In fact, these statutes support Marsdens' position. Both of these statutes relate to times when a person has already been made a party by service of summons upon him. Once a person is a party by service of the summons upon him, then, and only then, do these statutes permit service by mail. Even then, service by mail is permitted only upon that party's attorney, or upon that party if he has no attorney. It is interesting to note that the last sentence of SDCL 15–6–5(a) that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in § 15–6–4. The attempt to impose legal liability for a legal fence where no liability

existed before is certainly comparable to "asserting new or additional claims for relief against them."

The majority opinion is simply rewriting SDCL 43–23–5 to its own liking. If the legislature meant the adjoining landowner could create legal liability by "mailing" a notice, why did they use the word "serve" and why did they say "from the date of service of such notice and demand upon him." It seems to me that the legislature would have simply used the words "mail" and "from the date of mailing."

The significance of being "served" is substantial. A landowner may not appreciate the legal significance of receiving a letter or notice in the mail. Not so if he is served with the paper. There is a real difference when the person has been served a summons and is already a party to a lawsuit. *See* SDCL 15–6–4; SDCL 15–6–5(a). Once served, he appreciates the legal significance of papers, whether served or mailed.

Fence line disputes are serious business. The legislature has provided a legal remedy. The statute requires at least "substantial" compliance, if not "strict" compliance. In this case, the Jensens have not even come close to "minimal" compliance.

I would not reach Issue III, which relates to Jensens' claim for prejudgment interest. Jensens obtained summary judgment without any evidentiary hearing being held concerning the value of the labor and materials used in the construction of the legal fence. In Issue I, this summary judgment was reversed and remanded to the trial court. Despite that, the majority proposes to consider whether Jensens are entitled to prejudgment interest. This is a classic example of putting the cart before the horse.