NORD, Director of Taxation, Respondent, v.
CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, Appellant

(20 N. W.2d 403.)

(File No. 8742. Opinion filed November 1, 1945.)

**Bailey, Voorhees, Woods & Fuller,** of ·Sioux Falls, and **F. P. McGuire,** of Hartford, Conn., for Appellant.

**George T. Mickelson,** Atty. Gen., and **Benj. D. Mintener,** Asst. Atty. Gen., for Respondent.

RUDOLPH, J. Appellant is an insurance company organized under the laws of Connecticut and ·asserts in this action that it is exempt from the payment of state income tax upon income from property held in the state for the year 1941. Our income tax law, the levy and rate provisions of which have now been repealed by Ch. 295, Laws of 1943, is contained in SDC Title 57, Part V. Appellant relies upon the exemption from the tax found in SDC 57.2711, which so far as here material is as follows:

"The following organizations and corporations shall be exempt from income taxation: * * *

"(6) Insurance companies which are specifically exempted from taxation, excepting the gross premium tax; * * *."

It is admitted that appellant is an insurance company subject to the two and one-half per cent gross premium tax imposed by SDC 57.3502 (amended by Ch. 275, Laws of 1939, see also Ch. 333, Laws of 1945), which Code provision, after imposing the tax, specifically provides: "The said sum of two and one-half per cent shall be in lieu of all taxes, state and local * * *." Construing this section of our Code as it existed in 1911, this court held that insurance companies coming within its provisions were not exempt from taxes on their corporate property. Queen City Ins. Co. v. Basford et al., 27 S. D. 164, 130 N. W. 44. Respondent contends that since the appellant is not exempt from taxes on its corporate property under the holding in the Basford case that it is not a company "specifically exempted from

taxation, excepting the gross premium tax," within the meaning of SDC 57.2711(6). With this contention we are unable to agree. We know of no law specifically exempting insurance companies from taxation, and respondent has pointed out no such law, other than the laws which exempt insurance companies paying the gross premium tax. Should we accept respondent's contention, the law would have no application at the time of its enactment, and we cannot believe the Legislature intended to enact a law not presently effective.

A brief history of the law is helpful. As originally enacted in the Net Income Tax Law, Ch. 205, Laws of 1935, the exemption was contained in Sec. 15-b of that act as follows: "The following organizations and corporations shall be exempt from taxation under this division: * * * (f) Mutual insurance companies, which, under the provisions of Chapter 267 of the Session Laws of 1921, are exempted from taxation excepting by a gross premium tax imposed. * * *"

Ch. 267, Laws of 1921 in Sec. 17 imposed the same gross premium taxes upon mutual insurance companies, other than life, "as are imposed upon stock insurance companies," and proceeded to exempt such mutual insurance companies from all other taxation so far as permissible within the meaning of of the Basford case. The Code revision in 1939 as presented to and adopted by the Legislature revised Sec. 15-b of Ch. 205, Laws of 1935, so as to exempt from the income tax in subdivision (6) of SDC 57.2711, "Mutual Insurance companies which are specifically exempted from taxation, excepting the gross premium tax." The act adopting the Code of 1939 was approved January 18, 1939. Ch. 226, Laws of 1939. Subsequent to the approval of this act there was presented to and passed by the Legislature House Bill 303, whereby the Code of 1939 as previously adopted was "corrected, amended and revised." Ch. 228, Laws of 1939, approved March 7, 1939. While the last section of the said Ch. 228, Laws of 1939 states, "All changes and corrections made by this act shall be inserted in the South Dakota Code of 1939 as printed in final form in like manner and with like force and effect as though originally contained and embraced in House Bill 13 (Ch. 226, Laws of 1939) of this Legislative Session," the fact

remains that such act was enacted and approved subsequent to the enactment of the code bill, and the change made in SDC 57.2711 to which we immediately refer, changed and amended the law not only as written in the Code when originally presented to and enacted by the Legislature, but changed the law as it existed prior to the adoption of the Code. This act, Ch. 228, Laws of 1939, in subdivision (249) of Sec. 1, provided: "At section 57.2711 in subdivision (6) eliminate the first word 'Mutual' and capitalize the next word 'insurance'." Obviously this subdivision (249) was not a correction of the Code, for the Code as adopted conformed substantially to the laws as it existed prior thereto. It therefore appears that subdivision (249) amended SDC 57.2711, which exempted only "Mutual" insurance companies from the income tax, by striking out the word "Mutual" and thereby extending the exemption to insurance companies generally.

■ There can be no doubt as to the meaning of the law as it existed before the Code revision. Under the law as it then existed mutual insurance companies paying the gross premium tax under the provisions of Ch. 267, Laws of 1921, were specifically exempt from the net income tax. In the revision of the Code when the language of this exempting provision was changed so as to omit specific reference to the Ch. 267, Laws of 1921, and used the language, "Mutual Insurance companies which are specifically exempted from taxation, excepting the gross premium tax," there was no change in the meaning of the statute. In the explanatory note to the Code, vol. 1, p. 12, it is specifically stated: "Changes in Text: There have been very few actual changes in the meaning of any laws. Numerous changes in phraseology were made merely for the purpose of more clearly and concisely expressing the legislative intent; hence, except where a contrary intention plainly appears, it should not be inferred from any such change that a change in the meaning of the statute was intended."

We think it clear, therefore, that as originally enacted by the 1939 Code the exempting provision exempted mutual insurance companies, other than life, paying the gross premi-

um tax. It follows, we believe, that when the Legislature by Ch. 228, Laws of 1939, in subdivision (249) of Sec. 1, extended the exemption to insurance companies generally, by striking the word "Mutual" from the exempting provision, that such action evinced a clear legislative intent to extend the exemption to all insurance companies, mutual and otherwise, which were subject to the gross premium tax.

Respondent relies upon SDC 57.2604, which provides in part:

"In computing net income there shall be allowed as deductions from gross income, the following: * * *

"(6) The gross premium income of any fire, life, health, casualty, or accident insurance company, which gross premium income is the base or measure of taxes required to be paid to the state of South Dakota under the provisions of other statutes relating to insurance taxation; * * *."

It is contended that this Code provision would be meaningless if insurance companies paying a gross premium tax were exempt from the income tax. This section of our Code was adopted along with all other provisions of the Code by Ch. 226, Laws of 1939, approved on January 18, 1939. As pointed out above, the law prior to the adoption of the Code and the Code as originally adopted exempted only "Mutual" insurance companies paying the gross premium tax from income tax. Under this state of the law as it existed on January 18, 1939, it is clear that SDC 57.2604(6) provided a method for computation of net income by companies other than mutual which were subject to the income tax. However, when the Legislature some six or seven weeks later by Ch. 228, Sec. 1, (249), Laws of 1939, extended the exemption from the tax to all insurance companies, whether mutual or otherwise, which paid the gross premiums tax (as we think it clearly did), the provision relating to method of computation of net income for such companies simply became obsolete. Obviously this Code provision providing a method for computation of net income by insurance companies does not specifically impose any tax upon such companies, and is not, therefore, contradictory or inconsistent with the subsequently enacted exempting amendment;

it is simply without application in the light of the amendment. But accepting the view that it is inconsistent with the amendment made by Ch. 228, Laws of 1939, it comes squarely within the generally accepted rule of statutory construction that as between inconsistent acts passed at the same session of the Legislature, the act approved last prevails. Sutherland Statutory Construction, 3d Ed., p. 532.

This court in the case of Mitchell Produce Company v. Morrison, 63 S. D. 127, 257 N. W. 47, 49, stated the accepted canon of statutory construction with reference to exceptions from general statutory provisions as follows: "Exceptions, as a general rule, should be strictly, but reasonably, construed; they extend only so far as their language fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception."

From what has been said above, we think it clear that the language of this exempting statute as amended extends to all insurance companies paying a gross premium tax. It should perhaps be further noted that the construction we 'have herein placed upon this law is harmonious with the exemption from income taxation of other companies subject to distinctive forms of taxation such as express and mining companies. ' SDC 57.2711(8) (9). We are of the opinion that to construe this statute as contended for by the respondent would not be a reasonable construction in the light of the legislative history and would require a distortion of the language of the statute.

The judgment appealed from is reversed.

All the Judges concur.

BENSON, Circuit Judge, sitting for POLLEY, J .