510 P.2d 745

CITY OF TEMPE and James Alexander, Director, Finance Department of City of Tempe, Appellants,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Appellee.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Appellant,

v.

STATE TAX COMMISSION of Arizona, et al., Appellees.

No. 10758.

Supreme Court of Arizona, In Banc.

May 30, 1973.

Rehearing Denied July 3, 1973.

**430**

David R. Merkel, City Atty., by Karl E. Wochner, Asst. City Atty., Tempe, for appellants City of Tempe and James Alexander.

Fennemore, Craig, von Ammon & Udall by Thomas W. Wiley, James W. Johnson, and Richard A. Miller, Phoenix, for appellee-appellant The Prudential Ins. Co. of America.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, former Asst. Atty. Gen., Phoenix, for appellee State Tax Commission of Ariz.

J. LaMar Shelley, Mesa, for amicus curiae The League of Ariz. Cities and Towns.

HOLOHAN, Justice.

The Prudential Insurance Company of America (Prudential) brought an action against the State Tax Commission and The City of Tempe for the return of transaction privilege taxes paid by Prudential pursuant to A.R.S. § 42–1301 et seq. and Tempe City Code § 33–11 et seq. Prudential claimed that it was not required to pay the taxes by reason of A.R.S. § 20–226.

After cross-motions for summary judgment, the Maricopa County Superior Court ruled that Prudential was required to pay the state tax, but that A.R.S. § 20–226, subsec. B had preempted Tempe from levying a transaction privilege tax against Prudential. Both Prudential and The City of Tempe appealed.

Prudential owns properties in Arizona including Biltmore Fashion Park and the First Federal Building in Phoenix, College Inns in Tucson and Tempe, and the Alameda Plaza in Tucson. Each of these properties generates rental income to Prudential. We are asked whether A.R.S. § 20–226 prohibits taxation of this rental income. The statute reads:

"§ 20–226. Exclusive character of premium tax; exception

"A. With respect to authorized insurers the premium tax provided by § 20–224 shall be payment in full and *in lieu of all other demands* for any and all state, county, district, municipal and school *taxes, licenses and excises of whatever kind or character*, excepting only the fees prescribed by this title and taxes on real and tangible personal property located within this state.

"B. *The state pre-empts the field* of imposing excise, privilege, franchise, income, license and similar taxes upon insurers and their general agents and agents as such, and on the intangible property of insurers or such agents. No county, municipality, district, school district or other political subdivision or agency in this state shall levy upon insurers, or upon their general agents and agents as such, any tax additional to such as are levied in this title." (emphasis added)

Prudential argues that this statute prohibits all privilege taxes from being levied against insurance companies except for taxes levied on premium income under the insurance code. Specifically, Prudential contends that insurance companies cannot be taxed on rental income derived from real property holdings in the state. Tempe

and the State Tax Commission argue that the provision applies only to *additional* taxes on premium income, and that all other income of insurance companies is subject to taxation.

The argument is made that we should strictly construe all exemptions from taxation. *See e. g.*, City of Phoenix v. Bowles, 65 Ariz. 315, 180 P.2d 222 (1947). However,

". . . There is a wide difference between a 'lieu tax' and an exemption from taxation. The 'lieu tax' is a substituted tax." State Tax Commission v. Shattuck, 44 Ariz. 379, 391, 38 P.2d 631, 636 (1934).

A.R.S. § 20–226 provides that taxation under the insurance code is "in lieu" of all but real and personal property taxes. Thus, Prudential is not granted an exemption from taxation; it is in fact taxed as provided in A.R.S. § 20–224 on its net premium income. We agree with Prudential that the language of A.R.S. § 20–226 is clear, and the state and The City of Tempe are prohibited by that statute from levying transaction privilege taxes against Prudential's rental income.

The premium tax provided by A.R.S. § 20–224 is in lieu of all other taxation except that on real and tangible personal property located within the state. The transaction privilege tax sought to be imposed by the state on Prudential pursuant to A.R.S. § 42–1314 is not a property tax; it is an excise tax on the privilege of engaging in an occupation. Tower Plaza Investments Limited v. DeWitt, 109 Ariz. 248, 508 P.2d 324 (1973). The tax is upon the privilege or right to engage in business in the state, and the amount of the tax is measured by the gross volume of business activity conducted within the state. Industrial Uranium Co. v. State Tax Commission, 95 Ariz. 130, 387 P.2d 1013 (1963). The transaction privilege tax, not being a property tax, is not an exception to the provisions of A.R.S. § 20–226.

In like manner, the ordinance under which The City of Tempe seeks to tax Prudential is, in fact, a transaction privilege tax and so admitted by the city. The power of the city to enact such a tax is subject to the power of the legislature, and any power over taxation possessed by a municipality is delegated by the state legislature. Home Owners' Loan Corp. v. Phoenix, 51 Ariz. 455, 77 P.2d 818 (1938); Home Builders Ass'n of Central Arizona, Inc. v. Superior Court, 109 Ariz. 404, 510 P.2d 376 (1973). The legislature has preempted the field of taxation with regard to insurance companies except as to taxes on the real and tangible personal property of such companies. The legislature clearly has the constitutional power to make such a preemption. City of Phoenix v. Arizona Sash, Door & Glass Co., 80 Ariz. 100, 293 P.2d 438 (1956).

Both the state and the city urge that the provisions of A.R.S. § 20–226 should be construed so as to limit the provisions of that section to premium income only. They argue that the activity and income of Prudential from its real estate investments are a separate activity from that of the insurance business, and the "in lieu" provisions of the statute should not apply to such income or activity. The argument is without merit. The investment income of an insurance company is an integral and essential part of its business. United States v. Atlas Life Insurance Co., 381 U. S. 233, 85 S.Ct. 1379, 14 L.Ed.2d 358 (1965).

The legislative intent becomes clear in the construction of A.R.S. § 20–226 when it is considered that the section is part of a comprehensive and detailed program of statutory regulation of the insurance business. One of the areas of such regulation involves the type of investments which insurance companies may make. A.R.S. § 20–556, for example, regulates the type of real estate investments which may be made by insurance companies. It is clear from the provisions of this section and others that the legislature intended that the premium income not only be invested in a manner to protect policyholders but also

**432**

for the production of income. Obviously, the legislature was aware that these investments would be another source of income to insurance companies in addition to premiums. With such knowledge, the statute in question, A.R.S. § 20–226, was enacted with its broad provisions, and we conclude that the legislature intended thereby to limit taxation of insurance companies to that provided in A.R.S. § 20–224 and taxes on the real and tangible personal property of such companies located within this state.

■■■ The treatment of the insurance industry in a separate manner from that in which other businesses are regulated is not an unreasonable classification under the 14th amendment. The insurance industry is a distinct type of business with characteristics which make it a separate class of business enterprise.

The "in lieu" provisions of the Arizona statute have been construed in other jurisdictions with statutes similar to ours, and the rulings have upheld the position of Prudential that the taxes assessed on premium income were "in lieu" of all other taxes. See District of Columbia v. Equitable Life Insurance Co., CCH District of Columbia Tax Reporter 200–088 (1966), cert. denied 384 U.S. 970, 86 S.Ct. 1860, 16 L.Ed.2d 681 (1966); Gulley v. Lumbermen's Mutual Casualty Co., 176 Miss. 388, 166 So. 541, supp. opinion 176 Miss. 388, 168 So. 609 (1936); Nord v. Connecticut General Life Insurance Co., 71 S.D. 1,

20 N.W.2d 403 (1945); State v. Title Insurance Co., 197 Minn. 432, 267 N.W. 427 (1936).

■■■ We find no constitutional infirmities in the statute based on the issues presented by the parties. Amicus curiae have attempted to raise an issue that the title of the act was defective. We do not discuss the issue since it was not raised nor argued by the parties, and amicus curiae are not permitted to create, extend, or enlarge the issues. Bristor v. Cheatham, 75 Ariz. 227, 255 P.2d 173 (1953); City of Phoenix v. Phoenix Civic Auditorium & Convention Center Ass'n, Inc., 99 Ariz. 270, 408 P.2d 818 (1965). This rule applies to constitutional questions as well. State v. Ford, 434 P.2d 934 (Okl.1967).

The trial court was correct in granting judgment in favor of Prudential and against The City of Tempe for recovery of the amount of excise taxes levied and collected from it, but the decision of the trial court denying judgment to Prudential for recovery of the amount of excise taxes paid under protest to the state was not correct, and it is reversed. The case is remanded to the trial court to enter judgment in favor of Prudential and against the state for the amount claimed.

Affirmed in part, reversed in part.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.