IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANDY BIGGS, et al., *Plaintiffs/Appellants*,

*v.*

THOMAS J. BETLACH, *Defendant/Appellee*.

EDMUNDO MACIAS; GARY GORHAM; DANIEL MCCORMICK; and
TIM FERRELL, *Intervenor–Defendants/Appellees*.

No. 1 CA-CV 15-0743
FILED 3-16-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-011699
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

COUNSEL

Goldwater Institute, Phoenix
By Christina Sandefur and Aditya Dynar
*Counsel for Plaintiffs/Appellants*

Fennemore Craig, P.C., Phoenix
By Douglas Northup, Timothy Berg, Patrick Irvine, and Carrie Ryerson
*Counsel for Defendant/Appellee*

Arizona Center for Law in the Public Interest, Phoenix
By Timothy Hogan and Joy Herr-Cardillo

William E. Morris Institute for Justice, Phoenix
By Ellen Sue Katz
*Co-Counsel for Intervenor-Defendants/Appellees*

Coppersmith Brockelman PLC, Phoenix
By Roopali Desai and D. Andrew Gaona

Arizona Hospital and Healthcare Association, Phoenix
By Ann-Marie Alameddin
*Co-Counsel for Amicus Curiae Arizona Hospital and Healthcare Association*

Statecraft PLLC, Phoenix
By Kory Langhofer
*Counsel for Amicus Curiae Health System Alliance of Arizona*

---

**OPINION**

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1         We are asked to consider whether the hospital assessment under Arizona Revised Statutes ("A.R.S.") section 36-2901.08 was enacted in violation of Article 9, Section 22, of the Arizona Constitution. [1]

¶2         Appellants, a group of legislators who voted against House Bill ("HB") 2010 during the 2013 legislative session, appeal the superior court's order granting Defendant's and Intervenor-Defendants' motions for summary judgment. Appellants contend HB 2010 created a new tax on hospitals, and therefore required a super-majority vote under Article 9, Section 22. Because HB 2010 imposed an assessment that is excepted under Section 22(C)(2), we find it constitutional as enacted and affirm the superior court.

**FACTS AND PROCEDURAL BACKGROUND**

¶3         In September 2013, during the Fifty-First Arizona State Legislature, legislators introduced HB 2010 to expand Arizona's indigent healthcare program. Included in that expansion was an assessment on hospitals to be set by the director of the Arizona Health Care Cost

---

[1]         We cite to the current version of applicable statutes or rules when no revision material to this case has occurred.

2

Containment System ("AHCCCS"). HB 2010 passed by a simple-majority vote, and Governor Janice K. Brewer signed it into law as A.R.S. § 36-2901.08.

¶4        Members of the Arizona Legislature who voted against HB 2010 subsequently filed suit in September 2013 to enjoin enforcement of the expansion, arguing HB 2010 was passed in violation of Article 9, Section 22.[2] The parties filed cross-motions for summary judgment in May 2015 seeking a declaration regarding the constitutionality of § 36-2901.08. The superior court found the legislation came within a listed exception to Article 9, Section 22, and thus was not subject to the super-majority vote requirement. The legislators timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).[3]

## DISCUSSION

¶5        Questions of statutory interpretation and constitutional law are reviewed *de novo*. *State ex rel. Thomas v. Klein*, 214 Ariz. 205, 207, ¶ 5 (App. 2007). We presume that a statute is constitutional and resolve any

---

[2]        The superior court originally dismissed the legislators' claim for lack of standing; however, this court subsequently reversed that decision. *Biggs v. Cooper*, 234 Ariz. 515, 522, ¶ 20 (App. 2014). The supreme court affirmed this court's ruling. *Biggs v. Cooper ex rel. County of Maricopa*, 236 Ariz. 415, 420, ¶ 21 (2014).

[3]        The Health System Alliance of Arizona, in its amicus brief, raises the "enrolled bill rule" as a jurisdictional ground to preclude our review. "[I]t is the rule that *amici curiae* are not permitted to create, extend, or enlarge issues beyond those raised and argued by the parties." *Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 84 (1981) (citing *City of Tempe v. Prudential Ins. Co. of Am.*, 109 Ariz. 429 (1973)). And in any event, our supreme court has made clear that appellants have legal standing, and that this court has jurisdiction to review the substance of the claims. *See Biggs v. Cooper ex rel. County of Maricopa*, 236 Ariz. 415, 418, ¶ 7 (2014) (". . . giving the legislature exclusive authority to decide whether Section 22 applies to a particular bill would eliminate Article 9, Section 22's ability to act as a limiting provision on the legislature's power.") (quotation omitted).

doubts in favor of constitutionality.[4] *Niehaus v. Huppenthal*, 233 Ariz. 195, 197, ¶ 5 (App. 2013). While all three branches of government have a role in interpreting the Constitution, when a conflict arises it is the courts' constitutional responsibility to be the final arbiter. *See Powell v. McCormack*, 395 U.S. 486, 549 (1969).

## A. A.R.S. § 36-2901.08 Was Constitutionally Enacted in Accordance with Article 9, Section 22, of the Arizona Constitution.

¶6 AHCCCS provides health insurance benefits to qualified persons of low income. HB 2010 was intended to expand the program's coverage, with joint funding from the federal and state governments. In order to provide the funding needed from the state government, HB 2010 created an assessment, paid by Arizona hospitals as set forth by the director of AHCCCS. HB 2010, 2013 Ariz. Sess. Laws, ch. 10, § 5 (1st Spec. Sess.).

¶7 Article 9, Section 22 states, "[a]n act that provides for a net increase in state revenues . . . is effective on the affirmative vote of two-thirds of the members of each house of the legislature." Subsection B provides that qualifying "acts" include, *inter alia*, "[t]he imposition of any new tax" and "[t]he imposition of any new state fee or assessment." Ariz. Const. art. 9, § 22(B)(1), (5). However, Subsection C states that the two-thirds vote is not required on "[f]ees and assessments that are authorized by statute, but are not prescribed by formula, amount or limit, and are set by a state officer or agency." Ariz. Const. art. 9, § 22(C)(2).

### 1. The Hospital Assessment Is Not a Tax.

¶8 Because the exception under Section 22(C)(2) applies only to "fees and assessments," appellants first argue that the hospital assessment enacted by HB 2010 was a new "tax" under Section 22(B), and therefore required a two-thirds affirmative vote from both houses of the Arizona

---

[4] Appellants' opening brief argues against this presumption, citing cases where statutes were found to be unconstitutional. *E.g., Dobson v. State ex rel. Comm'n on Appellate Court Appointments*, 233 Ariz. 119 (2013) (legislature's amendment of the judicial nomination system violated the state constitution). We take notice that this presumption is rebuttable, but the party challenging the validity of a statute bears the burden of proving that the legislation is unconstitutional. *E.g., State v. Casey*, 205 Ariz. 359, 362, ¶ 11 (2003); *Chevron Chem. Co. v. Superior Court*, 131 Ariz. 431, 438 (1982).

Legislature.[5] When deciding whether to categorize a government levy as an assessment or a tax, the analysis is context-driven and examines three factors: (1) the entity imposing the levy; (2) the parties upon whom the levy is imposed; and (3) whether the levy is expended for general public purposes or used for the regulation or benefit of the parties upon whom the assessment is imposed. *May v. McNally*, 203 Ariz. 425, 430-31, ¶ 24 (2002); *see also Bidart Bros. v. California Apple Comm'n*, 73 F.3d 925, 929–31 (9th Cir. 1996). All three factors support the categorization of the hospital levy in the immediate case as an assessment.

¶9　　　　Appellants claim the entity imposing the levy is the state legislature because the levy was created by the legislature through statute. This argument misses the mark. While the legislature may have authorized the levy through statute, we look to the entity with regulatory authority over the levy for purposes of categorizing it as a tax or assessment. *See Jachimek v. State*, 205 Ariz. 632, 636, ¶ 15 (App. 2003). Most levies are first authorized by statute. *See, e.g.*, A.R.S. § 32-124(A) (establishing fees to be collected by the State Board of Technical Registration); A.R.S. § 45-334(A) (authorizing the director of water resources to set Colorado river water use fees); A.R.S. § 17-333 (mandating that the Game and Fish Commission prescribe license fees by rule). This does not mean that the levies are imposed by the legislature. Instead, the levies are imposed by an entity with discretion to set and administer them. Here, because the director has authority to "establish, administer and collect" the levy, we find AHCCCS is the entity imposing the levy. A.R.S. § 36-2901.08(A).

¶10　　　　Analyzing the second factor, appellants argue the levy is imposed upon a broad class of hospitals, making it more like a tax than an

---

[5]　　　　Appellees contend that an assessment can be defined broadly to include a tax, and therefore the distinction between "taxes" and "assessments" under Article 9, Section 22 is inapplicable. However, such an interpretation would render the specific omission of the word "tax" under Section 22(C)(2) meaningless when the language of the provision, under subsection (B), specifically listed categories of "tax" as a separate class from "fee[s] and assessment[s]". *See* Ariz. Const. art. 9, § 22(B)(1)-(2), (5). Because we presume a statute does not enact "superfluous or reiterative" language, we decline to interpret assessment to include *any* tax under Section 22. *See Phoenix Newspapers, Inc. v. Dep't of Corrections*, 188 Ariz. 237, 244 (App. 1997); *see also Herman v. City of Tucson*, 197 Ariz. 430, 434, ¶ 14 (App. 1999) ("[W]e must avoid interpreting a statute so as to render any of its language mere surplusage . . . .").

assessment. Appellants misconstrue the language of the statute on its face. Section 36-2901.08(C) allows the director to "establish modifications or exemptions to the assessment." In doing so, the director is allowed to consider factors including the size, services offered, and location of the hospital. A.R.S. § 36-2901.08(C). Therefore, the levy at issue is not necessarily charged to every hospital in the state.[6] Even if it were, the assessment is narrowly applied only to hospitals, and not a broad class of citizens as is typical of a tax. This court has previously held that levies that are specific to a class of business are appropriately treated as an assessment. *See, e.g., Jachimek*, 205 Ariz. at 636, ¶ 16 (an assessment charged to all licensed pawnbrokers when reporting transactions under state law was not a tax). Therefore, because the levy is restricted to hospitals within the discretion of the director, this factor weighs in favor of treating the levy as an assessment.

¶11        Finally, appellants argue the levy is expended for general public purposes, not for the regulation or benefit of the levied parties, and therefore, should be considered a tax. Appellants focus in particular on the "broad public purpose" of the statute, and healthcare expansion as a whole. But while the entire expansion's purpose was to provide healthcare to more of Arizona's indigent population, the purpose *of the assessment*, as evidenced by the language of HB 2010, was to "be used *for the benefit of hospitals* for the purpose of providing health care for persons eligible for coverage funded by the hospital assessment." HB 2010, 2013 Ariz. Sess. Laws, ch. 10, § 44(3) (1st Spec. Sess.) (emphasis added).

¶12        Appellants also contend hospitals only benefit "incidentally" from the assessment. But, under Arizona law, a levy can be treated as an assessment and not a tax as long as there is "some reasonable relation to the service to be performed on the payer's behalf." *See Jachimek*, 205 Ariz. at 637, ¶ 21 (quoting *Stewart v. Verde River Irrigation & Power Dist.*, 49 Ariz. 531, 548 (1937)); *see also Kyrene Sch. Dist. No. 28 of Maricopa County v. City of Chandler*, 150 Ariz. 240, 244 (App. 1986) (water system development charges were not taxes simply because they benefited other parties). Here, while the Arizona residents who received coverage under the expansion also benefit from the statute and the assessment, this does not make the levy a tax being

---

[6]        The current rules set forth by the director exclude several categories of hospitals, including those operated by the state or designated as a short-term, psychiatric, rehabilitation, children's, or special hospital. Arizona Administrative Code ("A.A.C.") § R9-22-730(I).

expended for a general public purpose.[7] Because of the hospital assessment fund created by the statute, hospitals receive additional funding for uncompensated care, which is a benefit related to the levy.[8]

**¶13**        Weighing the factors set forth in *May*, we conclude that the hospital assessment is not a tax. The assessment is imposed by the director of AHCCCS, on hospitals, and it is intended to provide additional funding for hospitals caring for qualified individuals under the expansion.

### 2.   The Hospital Assessment Fits Within the (C)(2) Exception.

**¶14**        Because the hospital assessment is not a tax, we next address whether it fits within the specific exception under Section 22 (C)(2). Here, the exception requires the assessment to be: (1) authorized by statute; (2) not prescribed by formula, amount, or limit; and (3) set by a state officer or agency. Ariz. Const. art. 9, § 22(C)(2). Because neither party challenges that the assessment is set by a state officer or agency, we only address the first two prongs of the exception.

### i)   The plain language of the exception does not require a super majority before it can apply to a fee or assessment.

**¶15**        Appellants argue that the language under the exception requiring it to be "authorized by statute" requires that an assessment be authorized by a two-thirds affirmative vote from both houses of the legislature, after which, a state officer or agency may then change the fee or assessment without invoking Section 22, so long as it is not prescribed by formula, amount, or limit. We disagree.

**¶16**        Article 9, Section 22(C)(2) simply states the exception applies to "assessments that are authorized by statute, but are not prescribed by formula, amount or limit, and are set by a state officer or agency." Ariz. Const. art. 9, § 22(C)(2). Nowhere in the plain language of the exception do we find a requirement that the initial statute authorizing the fee must be passed by a super majority *before* the (C)(2) exception applies to fees and

---

[7]     In their motion for summary judgment filed on May 14, 2015, Appellants conceded the levy benefited hospitals.

[8]     Section 36-2901.09 creates a special fund entitled the "hospital assessment fund" where the revenues collected from the assessment set forth in § 36-2901.08 are deposited. A.R.S. § 36-2901.08(F). Notably, the monies collected therein cannot revert to the state general fund to be used for another public purpose. A.R.S. § 36-2901.09(C)(1).

assessments set by a state officer or agency. *See Simpson v. Simpson*, 224 Ariz. 224, 225, ¶ 6 (App. 2010) ("The best indicator of legislative intent is the plain language of the statute."). Furthermore, appellants' reading ignores the initial language of subsection (C), which states, "[t]his *section* does not apply to . . . ." Ariz. Const. art. 9, § 22(C) (emphasis added). In other words, all of the listed exceptions in subsection (C) are exempt from the entirety of Section 22 of the Arizona Constitution, including subsections (A) and (B). Accordingly, it would require a contorted reading of the exception under (C)(2) to require a statute to pass the super-majority requirement of subsection (A), in order to then exempt fees and assessments falling within subsection (C) from the application of Section 22 entirely.

**¶17** Appellants argue this construction of the statute would produce "absurd results" and render the intent of Article 9, Section 22 "ineffectual." We disagree. A fee or assessment authorized by statute does not qualify for exemption unless it is "not prescribed by formula, amount or limit" and is "set by a state officer or agency." Ariz. Const. art. 9, § 22(C)(2). Under our reading, and contrary to appellants' contention, not every fee or assessment passed by a simple majority is exempt from Section 22. Appellants characterize this interpretation "absurd" because it would allow the legislature to enact an unspecified levy by a simple majority. However, the voter information pamphlet regarding Proposition 108 explained to voters that other types of fees would not be affected by the measure, and cited university tuition as an example of one of these assessments.

### ii) The federal approval and federal medical assistance requirements do not place a formula or limit on the assessment under the exception.

**¶18** Finally, appellants contend the federal approval and federal medical assistance requirements in A.R.S. § 36-2901.08(B) and (E), respectively, act as limits on the assessment, taking it outside the Section 22(C)(2) exception.[9] The appellants raise a facial challenge, and therefore we must consider the text of the law itself and not its current application. *See Hernandez v. Lynch*, 216 Ariz. 469, 472, ¶ 8 (App. 2007). The party

---

[9] Appellants also claim the exemption factors and joint legislative budget committee ("JLBC") review requirements under § 36-2901.08(C) and (D) act as a formula or limit, but conceded in their original complaint that the director is not required to consider these factors or gain approval from the JLBC.

challenging the provision must demonstrate that no circumstances exist under which the regulation would be valid. *Id.*

**¶19** Appellants argue, citing 42 U.S.C. § 1396b(w) and 42 C.F.R. § 433.68, that federal law contains regulations on how the hospital assessment can be imposed while maintaining federal funding for the expansion program, which creates a formula or limit for the assessment. We do not interpret a clause of this nature to be a limit on the hospital assessment under Article 9, Section 22(C)(2). The language of subsection (C)(2) plainly applies to state law and does not look beyond the statute authorizing the fee or assessment, in this case A.R.S. § 36-2901.08. This is evident when reading the entirety of subsection (C)(2), which states the exception applies to "[f]ees and assessments that are authorized by statute, but are not prescribed by formula, amount or limit, and are set by a state officer or agency." The first clause refers to state statutes only, and the final clause specifically mentions *state* officers or agencies. Thus, the middle clause applies to formulas, amounts, or limits prescribed within the *state* statute. *See Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, 326, ¶ 12 (2011) ("We do not . . . consider words in isolation when interpreting statutes."); *see also Planned Parenthood Comm. of Phoenix, Inc. v. Maricopa County*, 92 Ariz. 231, 235 (1962) ("The rule of statutory construction, *noscitur a sociis*, directs our attention to the accompanying words . . . .").

**¶20** Appellants also claim the director must administer the assessment "in accordance with federal law," however, that interpretation is inaccurate. Section 36-2901.08(B) states the assessment is "subject to approval by the federal government" to ensure federal funding continues. This does not require the director to implement an assessment "in accordance with federal law," it simply provides guidelines for the director to review before setting the assessment. The director is still free, based upon the statute, to choose the amount of the assessment and any exemptions.[10] Placing an assessment amount for a statewide program that is dependent upon federal funding under a federal approval requirement for purposes of sustaining the program's funding is not a limit under Section 22(C)(2).

**¶21** Nor is the federal medical assistance requirement a limit under Article 9, Section 22(C)(2). Section 36-2901.08(E) states "[t]he administration shall not collect an assessment . . . after the effective date of any reduction of the federal medical assistance percentage . . . applicable to this state to less than eighty [percent]." This acts as a condition on the entire

---

[10] The appellants admitted the director "has full discretion" in their complaint.

statute, which would remove the assessment entirely if the federal government were to change its funding of the program in the future. This condition is not a limit on the amount or method by which the administrator may impose the hospital assessment, but instead acts to terminate the entire statute should federal funding fail. Accordingly, it is not a "limit" on the assessment itself under Article 9, Section 22(C)(2).

## B.    Attorney's Fees.

**¶22**            Appellants requested attorney's fees pursuant to Arizona Rule of Civil Appellate Procedure Rule 21(a), citing A.R.S. §§ 12-341, -348, 35-213, and the private attorney general doctrine. Because Appellants have not prevailed on appeal, we decline to award fees.

## CONCLUSION

**¶23**            A.R.S. § 36-2901.08 creates an assessment that falls within the exception of Article 9, Section 22(C)(2) of the Arizona Constitution. Accordingly, it was constitutionally enacted by a majority, rather than a super-majority, of the legislature.



AMY M. WOOD • Clerk of the Court
FILED:  AA